VANKE, Appellee,

v.

VANKE, Appellant, et al.

[Cite as *Vanke v. Vanke* (1992), 80 Ohio App.3d 576.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–980.

Decided June 9, 1992.

*R. Chris Harbold,* for appellee.

*Robert E. Cesner, Jr.*, for appellant.

---

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Ronald A. Vanke, appellant, from a judgment rendered by the Franklin County Court of Common Pleas, Division of Domestic Relations, in favor of appellee, Bonnie A. Vanke, n.k.a. Hogan. The parties were married in 1967 and divorced in 1989. The daughter of the couple was emancipated at the time of her parents' divorce.

Appellant was employed as an accountant and was earning approximately $120,000 a year. In 1981, as a result of injuries sustained in a racing accident, appellant became a paraplegic. However, he continued to work as an accountant. Appellee did not work outside the home during the course of the twenty-two-year marriage and, until the time the parties separated, tended to all of appellant's special needs when he became disabled. Since the divorce, appellee has been employed as an enrollment clerk for R.E. Harrington. She earns a biweekly net income of $344.88.

At the time that the parties divorced in 1989, they reached an agreement, which was incorporated into the court's judgment, that appellant would pay spousal support to appellee in the amount of $2,000 per month. In 1990, appellant sought to have this support order modified, since he was no longer employed, had remarried, and was receiving $60,000 per year in disability benefits, most of which was nontaxable income. Appellant not only sought to have his spousal support obligation reduced, but also requested that his support obligation be terminated on a date certain by the trial court.

Although there is no transcript, the referee in her report provides a detailed, factual narrative of the proceedings. The referee recommended a reduction in spousal support to $1,100 per month and found that appellant owed arrearages of $9,050. However, the referee did not recommend that a date for the termination of spousal support be established.

Appellant's objections to the report and recommendation of the referee were overruled by the trial court. Furthermore, the trial court approved and adopted the report and recommendation of the referee, but clarified in its decision its interpretation of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, and the applicability of *Kunkle* to the instant case. The referee had stated in her report that, as a matter of law, no authority existed to apply *Kunkle* to a modification proceeding.

Thereafter, this appeal ensued. The appellant now asserts the following two assignments of error:

"Assignment of Error No. I:

"The trial court erred in affirming the report of the referee which concluded that Mr. Vanke's request for a termination date to be fixed on the spousal support [formerly alimony] was not well taken as a matter of law upon the basis that no authority exists to apply *Kunkle vs: Kunkle,* 51 Ohio [St.] 3d 64 [554 N.E.2d 83] (1990) to modification proceedings.

" * * *

"Assignment of Error No. II:

"The trial court erred in affirming the report of the referee that total arrearages from all past time periods total $9,050.00."

The appellee has filed a cross-appeal and asserts the following cross-assignment of error:

"Assignment of Error No. 1:

"In proceedings to modify alimony, the court must consider the relative after-tax income of the payor when the payor's income has changed from being primarily taxable to primarily non-taxable."

In the first assignment of error, appellant asserts that the trial court erred when it did not set a date certain for termination of spousal support. Appellant's argument is based upon the Ohio Supreme Court's holding in *Kunkle, supra,* paragraph one of the syllabus, which states:

"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

In its August 12, 1991 decision, the trial court stated, in relevant part:

"Defendant roots his first objection in the case of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64 [554 N.E.2d 83]. He asserts that *Kunkle* mandates that the spousal support in the instant case should include a fixed termination date. * * *

" * * * *

"It must be noted that the original divorce decree in this case was entered by agreement of the parties, and provided that defendant was to pay $2,000.00 spousal support to plaintiff 'until such time as the Plaintiff dies, remarries, or cohabits with an unrelated adult male.'

"The decision in *Kunkle* clearly is designed to apply to original determinations of spousal support. It does not mandate time certain terminations in modification proceedings, particularly where the initial award was entered as a result of the agreement of the parties. The standards for modification of spousal support mandate a review of changes in the circumstances of the parties. The referee found sufficient change to modify the amount of spousal support; however, she did not find circumstances justifying the establishment of a termination date. The court still has jurisdiction to further modify the award, when appropriate."

█ Upon review, the trial court properly set forth that the standard for modification of spousal support mandates a change of circumstances pursuant to R.C. 3105.18(D). The record before this court supports the trial court's conclusion that a change of circumstances existed and a modification of spousal support was warranted.

█ The issue regarding appellant's request for a termination date is a matter separate from the issue of spousal support modification. The concept of spousal support in Ohio is based upon whether it is necessary and is reasonable. See R.C. 3105.18. Likewise, a trial court should be mindful of this concept of need when reviewing a motion for modification, and when considering the application of *Kunkle, supra.*

In the instant case, at the time of their divorce, the parties agreed on an amount of spousal support and that agreement was incorporated into the trial court's judgment. Thus, appellant is now attempting to modify not only the trial court's judgment, but also the parties' original agreement. The original agreement states, in pertinent part:

" * * * The Court shall retain jurisdiction to modify the terms/amount of sustenance alimony. Further, the parties acknowledge that current alimony is not adequate to meet Plaintiff's needs. * * * "

█ Significant to the facts of this case is that the parties entered into their agreement prior to *Kunkle* and, thus, *Kunkle* is not directly applicable. The trial court was under no obligation to apply *Kunkle* under the facts of this case. However, by virtue of the fact that the parties' agreement contains a modification provision, which would include "length of time" as a modifiable

term in this instance, the trial court should have considered whether the evidence warranted the establishment of a termination date of spousal support. However, in evaluating whether the evidence warrants a modification as to the "length of time" spousal support should be paid, the trial court may rely upon the rationale of *Kunkle* as a guideline, since it has concluded that a change of circumstances occurred.

The prerequisite to the consideration of a termination date for spousal support as set forth in *Kunkle* is that " * * * a payee spouse has the resources, ability and potential to be self-supporting * * *." *Id.* at paragraph one of the syllabus. In reviewing the referee's report, which was adopted by the trial court, the referee stated, as follows:

" * * * As an aside, the Referee would note that this is an extremely compelling case. As the facts herein were presented, Bonnie Hogan was subject to only one criticism regarding economic fault, that being her intransigence in not seeking training or further education. Her failure to pursue training is remarkable in view of the fact that she earns a very moderate salary and has liquidated substantial assets and borrowed more just to maintain an unacceptable status quo. * * * "

The referee also indicates in her report that " * * * Ms. Hogan testified that her [three] years of college were spent at O.S.U. and that she would like to go back to school, but has no funds presently with which to attend school."

Accordingly, this matter must be remanded for a factual determination as to whether the evidence warrants an establishment of a termination date for spousal support. Using *Kunkle* as a guideline, if the trial court concludes that the appellee's situation does not comport with the *Kunkle* exceptions and that she has the resources, ability, and potential to become self-supporting, then the trial court may consider a termination date for the spousal support in light of the changed circumstances. Accordingly, appellant's first assignment of error is well taken and is sustained.

■ In his second assignment of error, appellant asserts that the trial court erred in calculating arrearages in the amount of $9,050. The referee's report, which was adopted by the trial court, states, in relevant part:

"Since the date of the filing of Mr. Vanke's motion to reduce 'alimony,' fifteen full months have passed. During that time $9,750.00 was paid through the CSEA in spousal support on $16,500.00 owed leaving an amount of arrearages owed of $6,750.00. That amount should be liquidated in the amount of $100.00 per month until paid.

"Mr. Vanke testified that an additional $1,700.00 was paid outside of the CSEA on the $4,000.00 judgment granted in the agreement of April 19, 1990. A partial satisfaction of judgment should be produced regarding that transaction. The total arrearages from all time periods are $9,050.00, assuming the $1,700.00 payment as reported."

It is incumbent upon the appellant to transmit the record and present contentions with respect to the assignments of error, with the supporting reasons and citations to the authorities, parts of the record relied upon, and statutes. See App.R. 10 and 16. As previously stated, the record in this case does not include a transcript of the proceedings. Therefore, this court has no means by which to compare the factual findings of the referee, as adopted by the trial court, with the actual testimony which was submitted at trial. Consequently, in the absence of a transcript, this court is bound by a presumption of regularity in the prior proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. In the matter before this court, there is not a sufficient record to demonstrate reversible error, if such error exists. See *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363.

Accordingly, appellant's second assignment of error is not well taken and is overruled.

In the cross-appeal, appellee asserts that the trial court did not consider the after-tax income of the appellant when his income changed from being primarily taxable to primarily nontaxable. As was previously discussed in this court's disposition of appellant's second assignment of error, this court is reviewing this matter without the benefit of a transcript of the proceedings. The referee's detailed report and the trial court's August 12, 1991 decision indicate that the original $2,000 spousal support award was entered by the agreement of the parties. This amount may or may not have been based upon the need of appellee.

However, upon appellant's motion for modification and the trial court's finding that a change of circumstances existed, the trial court had to determine whether spousal support was still necessary and what amount was reasonable in light of the change in circumstances. See *Bingham v. Bingham* (1983), 9 Ohio App.3d 191, 9 OBR 302, 459 N.E.2d 231. It is important for the trial court to initially determine the difference between appellant's gross and net income at the time of the original divorce decree, and at the time for the motion for modification, so that the trial court has an idea of the disposable income that is available to the payor spouse. For this reason, it is important for the trial court to consider the effect of any tax consequences so

that it can consider the after-tax financial positions of the parties, respectively.

In reviewing the referee's report, which was adopted by the trial court, it is apparent that the trial court was aware, and considered, the fact that appellant's current disability income was, partially, nontaxable income. The referee states, in relevant part:

" * * * During the summer of 1990, Mr. Vanke's disability income was established in the amount of $5,016.47 per month. Only a portion of that amount is taxable income. * * * "

In the absence of demonstrated error, this court is inclined to presume that the trial court considered the respective after-tax financial positions of the parties. See *Knapp, supra.* A modification of an award of spousal support does not necessarily involve a consideration of proportionality of the parties' income, but rather, whether there is a continued need, and if so, the reasonableness of an amount in light of the changed circumstances.

Accordingly, appellant's cross-assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first assignment of error is well taken and is sustained. Appellant's second assignment of error and appellee's cross-assignment of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and the matter is remanded for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

McCORMAC and PEGGY BRYANT, JJ., concur.