**VANKE, n.k.a. Hogan, Appellee,**

v.

**VANKE, Appellant.**

[Cite as *Vanke v. Vanke* (1994), 93 Ohio App.3d 373.]

Court of Appeals of Ohio,
Franklin County.

No. 93APF10–1382.

Decided March 8, 1994.

*R. Chris Harbold,* for appellee.

*Robert E. Cesner, Jr.,* for appellant.

TYACK, Judge.

Bonnie A. Hogan (formerly Vanke) and Ronald A. Vanke divorced in 1989 after twenty-two years of marriage. During the parties' marriage, Mr. Vanke attained the position of chief financial officer for Chesrown Oldsmobile, earning as much as $120,000 annually. He was rendered a paraplegic in 1981 as a result of injuries he sustained in an accident.

When the parties divorced in 1989, they entered into an agreement whereby Mr. Vanke would pay spousal support to his former wife in the amount of $2,000 per month. The trial court expressly retained jurisdiction to modify the terms of spousal support. Further, the parties expressly acknowledged that "current

alimony is not adequate to meet Plaintiff's needs." In 1990, Mr. Vanke filed a motion seeking modification of the spousal support order due to changes of circumstances in his financial situation. He was no longer employed, had remarried, and received approximately $60,000 annually in disability benefits. In addition to a reduction of his spousal support obligation, he sought an order establishing a certain termination date for his support obligation. The trial court ordered that the support obligation be reduced to $1,100 per month but did not order the establishment of a termination date. The trial court reasoned that the holding of the Ohio Supreme Court in *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, did not apply to modification proceedings. In *Kunkle*, the court held at paragraph one of the syllabus:

"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

In *Vanke v. Vanke* (1992), 80 Ohio App.3d 576, 609 N.E.2d 1328, this court reversed, holding that the modification provision in the parties' agreement allowed the trial court to rely upon the *Kunkle* rationale in evaluating whether the evidence warranted modification of the "length of time" term. This court remanded the case for the trial court to make a factual determination as to whether the evidence justified establishing a termination date, with the following direction:

" * * * Using *Kunkle* as a guideline, if the trial court concludes that the appellee's situation does not comport with the *Kunkle* exceptions and that she has the resources, ability, and potential to become self-supporting, then the trial court may consider a termination date for the spousal support in light of the changed circumstances." *Id.,* 80 Ohio App.3d at 581, 609 N.E.2d at 1331.

Upon remand, therefore, the crucial issue before the trial court was whether any of the *Kunkle* exceptions applied and, if not, whether the evidence established that Ms. Hogan had the "resources, ability and potential to become self-supporting."

On May 3, 1993, the referee filed a report setting forth extensive findings of fact and applying *Kunkle* and its progeny to those facts. The referee assigned to the case essentially concluded that Ms. Hogan's situation fell squarely within the three exceptions *Kunkle* recognizes as factors on which a trial court should rely in not ordering a date certain for termination. The referee further concluded that the evidence established that Ms. Hogan did not have the resources and realistic potential to become self-supporting, although her performance thus far

in her college career evidenced Ms. Hogan's scholastic "ability." The referee recommended that the trial court order that "it is inappropriate at this time to determine an appropriate termination date." The trial court overruled Mr. Vanke's objections, and approved and adopted the report and recommendations of the referee.

Mr. Vanke (hereinafter "appellant") has again appealed to this court, assigning a single error for our consideration:

"The trial court erred in affirming the report of the referee which concluded that it was inappropriate to establish a termination date for spousal support in the instant case, where the findings of fact clearly established that plaintiff-appellant was and had been self-supporting for some time and other findings of fact established defendant-appellant had met the requirements for the establishment of a termination date consistent with the cases of *Koepke v. Koepke* [ (1983), 12 Ohio App.3d 80, 12 OBR 278, 466 N.E.2d 570], *Kunkle v. Kunkle,* and *Vanke v. Vanke.*"

■ In reviewing the judgment of the trial court, we are mindful that a trial court has broad discretion in deciding what is equitable based upon the facts and circumstances of a particular case, although that discretion is not unlimited. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298. "A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." *Kunkle, supra,* 51 Ohio St.3d at 67, 554 N.E.2d at 87, citing *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599. As the Ohio Supreme Court noted in *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, " ' * * * "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted.)

■ Appellant argues, essentially, that the trial court abused its discretion in determining that it would be inappropriate to set a termination date because, according to appellant, the evidence established that Ms. Hogan was "self-supporting." Further, appellant asserts that the *Kunkle* exceptions and rationale are inapplicable here. For the reasons set forth below, we hold that the trial court did not abuse its discretion in determining that establishing a termination date for appellant's spousal support obligation would be inappropriate.

The evidence before the trial court established a sufficient basis to support a finding that Ms. Hogan's situation comported with two *Kunkle* exceptions.

The first exception, a "marriage of long duration," was satisfied here. The parties were married for twenty-two years. We have consistently found mar-

riages of comparable years sufficient to constitute "long duration" within the meaning of *Kunkle.* See, *e.g., Corpac v. Corpac* (Feb. 27, 1992), Franklin App. No. 91AP–1036, unreported, 1992 WL 41244 (twenty-five year marriage); *Schmidt v. Schmidt* (Oct. 8, 1991), Franklin App. No. 91AP–547, unreported, 1991 WL 325788 (twenty-two year marriage); *Leversee v. Leversee* (Mar. 25, 1993), Franklin App. No. 92AP–1307, unreported, 1993 WL 87005 (twenty-one year marriage). As this court stated in *Corpac,* a marriage of long duration "in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of *Kunkle.*" *Corpac, supra,* at 4.

The trial court did not expressly find that the "parties of advanced age" exception was or was not satisfied, so we will not address this exception.

The third exception set forth in *Kunkle* is a "homemaker-spouse with little opportunity to develop meaningful employment outside the home." The record indicates that Ms. Hogan was a homemaker, as well as a nurse/caretaker for both her disabled husband and their daughter during the daughter's struggle with leukemia. Ms. Hogan attended college prior to the marriage, but she did not obtain a degree. When she returned to work outside the home following the divorce, she had been out of the work force for approximately eighteen years. Although she has since returned to college, her financial situation limits her to taking one evening course per semester. The referee estimated that it would take Ms. Hogan seven more years at that rate to obtain an associate's degree. A vocational consultant testified that, in his expert opinion, Ms. Hogan's annual salary once she obtained the degree would only be $18,000 to $20,000. We believe that the evidence before the trial court was sufficient to warrant a finding that Ms. Hogan qualified as a "homemaker-spouse with little opportunity to develop meaningful employment outside the home."

Since two *Kunkle* exceptions were met here, the trial court could have decided not to set a termination date solely for those reasons pursuant to *Kunkle* and the earlier mandate of this court. However, the trial court also adopted the referee's additional finding that Ms. Hogan did not yet have the resources and immediate potential to be self-supporting. Appellant argues that the trial court erred in so finding because the evidence established that Ms. Hogan had in fact become self-supporting. We disagree.

At the time of the parties' divorce, they expressly acknowledged that the original spousal support order was inadequate to meet Ms. Hogan's needs. The record indicates that although her living expenses have increased, her income has in fact decreased. Appellant's support payments were decreased subsequent to the original order, and Ms. Hogan continues to earn a modest gross annual salary of $15,000 to $16,000. The trial court correctly considered the standards set forth

in R.C. 3105.18 in determining that the terms and duration of the current support order are reasonable and appropriate, particularly since the court retains jurisdiction to modify such terms in the future.

The assignment of error is overruled.

Accordingly, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.