[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This accelerated appeal comes to us from a judgment issued by the Williams County Court of Common Pleas in a divorce case. Because we conclude that the trial court did not abuse its discretion in awarding spousal support and attorney fees, we affirm.
This is the second time this case and these parties, appellant, Marcia J. Williams, and appellee, Michael L. Williams, have come before us. See Williams v. Williams (Dec. 13, 1996), Williams App. No. WM-96-008, unreported. The issue in the first appeal was the trial court's award to appellant of spousal support in the amount of $1,000 per month for eighteen months and $750 for attorney fees. Finding an abuse of discretion, we reversed the trial court's decision as to those issues and remanded the case for a redetermination of spousal support and attorney fees.
On remand, the trial court increased the spousal support to $1,100 per month for two years and awarded additional attorney fees of $3,000 and $440.82 for expenses.
Appellant once more appeals, again in his two assignments of error, arguing that the trial court abused its discretion in determining those awards.
The concept of spousal support is based upon necessity.Vanke v. Vanke (1992), 80 Ohio App.3d 576, 580. A trial court is not required to award spousal support that provides the parties with an equal standard of living or a standard of living equivalent to that established during the marriage. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 95-96. An appellate court will not reverse a trial court's award of spousal support absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
Likewise, the award of attorney fees in a divorce proceeding is a matter within the sound discretion of the trial court and, therefore, will not be disturbed on appeal absent an abuse of that discretion. Birath v. Birath (1988), 53 Ohio App.3d 31,39. An abuse of discretion "connotes more than a mere error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Therefore, an abuse of discretion standard covers a broad range of spousal support and attorney fee awards by a trial court, from an acceptable minimum to a reasonable maximum.
In this case, we initially note that this was not a relatively long marriage (eight years), that no children were born as issue of the marriage, and that appellant is in good health and employable. In addition, appellant has not disputed that she was awarded her fair share of the marital property and of appellee's pension.
Although the trial court only increased the monthly spousal award by $100, it also increased the duration of support by six months. This resulted in a total net increase of $8,400. In addition, the trial court substantially increased the award of attorney fees. As noted previously, the trial court is not required to equalize the parties' incomes. Therefore, in this case, we conclude that the trial court's new determinations falls within the minimum acceptable range of its discretion. Accordingly, appellant's two assignments of error are found not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.