DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David R. Franzmann, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting him a reduction but not a termination in his spousal support obligation. We affirm.
After a twenty year marriage, Mr. Franzmann and Doris Franzmann, appellee, were granted a divorce on June 21, 1991. At the time of the divorce, Mr. Franzmann had an imputed annual income of $32,000, while his wife was earning only $6,656 annually. Ms. Franzmann was given custody of their one minor child. Mr. Franzmann was ordered to pay child support of $69.72 per week, as well as spousal support at the rate of $50 per week. Mr. Franzmann's youngest child became emancipated in 1993. Mr. Franzmann did not make any payments until the end of 1995. Since then, he has been making payments of slightly more than the required $50 per week to reduce the arrearages.
On July 7, 1998, Mr. Franzmann filed a post-divorce decree motion with the trial court, seeking termination of his spousal support obligation and allocation of the debt owed to the Internal Revenue Service. A hearing was held and evidence was received before a magistrate on August 12, 1998. On September 29, 1998, the magistrate found that Mr. Franzmann continues to earn approximately $32,000 per year but Ms. Franzmann's income has increased to approximately $23,000 per year, as she has worked a significant amount of overtime. The total arrearage from the period prior to 1995, when Mr. Franzmann began paying support as ordered, is $20,825.95.
In a judgment journalized on October 6, 1998, the trial court, adopting the magistrate's decision, determined that the amount of Mr. Franzmann's arrearage currently owing is $17,434.03, as he has been slowly paying it down since 1995. The trial court also ordered that, effective July 7, 1998, Mr. Franzmann's spousal support obligation be reduced to $55 per month, due to his wife's increased income, but that Mr. Franzmann is to continue paying the same amount per month as under the previous spousal support order until the arrearage is alleviated. Finally, the trial court determined that it lacked jurisdiction to allocate the debt owed to the Internal Revenue Service, as the debt had already been paid and had not been addressed in the final divorce decree. On October 13, 1998, Mr. Franzmann filed objections to the magistrate's report. The trial court, on February 2, 1999, overruled Mr. Franzmann's objections. This appeal followed.
Mr. Franzmann asserts one assignment of error:
 THE TRIAL COURT ERRED IN NOT TERMINATING SPOUSAL SUPPORT. IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN NOT PLACING A DEFINITE TERMINATION DATE ON APPELLANT'S SPOUSAL SUPPORT OBLIGATION.
Mr. Franzmann argues that the trial court abused its discretion by failing to terminate his spousal support obligation due to his former wife's increased income. In the alternative, he asserts that the trial court erred by failing to place a definite termination date on his spousal support obligation. We disagree.
Our inquiry on appeal is to "determine whether the trial court abused its discretion in [modifying] alimony payments[.]"Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. Moreover, "`[a] trial court must have broad discretion to do what is equitable upon the facts and circumstances of each case.'" Id., quoting Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. Furthermore, "[a]bsent a showing that a trial court abused its discretion, * * * [the holding of] a modification proceeding should not be disturbed." Blakemore, 5 Ohio St.3d at syllabus. Abuse of discretion is not mere error of judgment, rather it is perversity of will, passion, prejudice, partiality, or moral delinquency.State ex rel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581,590-91.
"In seeking a modification or cessation of alimony, the moving party must not merely demonstrate that there has been a change in the circumstances of either party, but must also prove that such a change was substantial." Mottice v. Mottice (1997),118 Ohio App.3d 731, 734. Moreover, the change must be drastic and the moving party bears the burden of proving that the change was not contemplated at the time of the divorce. Id.
"In determining the equity of any alteration or termination, all relevant factors must be considered, including those found in R.C. 3105.18." Id. We must apply the statute in effect at the time the original alimony order was filed. Id. The factors enumerated in R.C. 3105.18(C)(1) are:
 (a) The income of the parties, from all sources, including but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 The trial court must, utilizing these factors, determine what spousal support is "appropriate and reasonable." R.C. 3105.18(C)(1). Moreover, "in ascertaining a change, a court must necessarily compare the circumstances at the time of the original designation with the present." Mottice, 118 Ohio App.3d at 735.
The trial court did not abuse its discretion by reducing but failing to terminate Mr. Franzmann's spousal support payments to Ms. Franzmann. Although Ms. Franzmann's income had increased from $6,656 at the time of the divorce to $23,000 at the time of Mr. Franzmann's motion to terminate spousal support, she still has expenses of approximately $1,200 per month. More over, she has minimal job skills and, although able to earn $23,000 in 1997 due to substantial overtime, only earned $4,000 the previous year. In fact, 1997 was the first year since the divorce when Ms. Franzmann was self-sufficient, previously relying on financial support from her mother and welfare. Mr. Franzmann, however, is currently earning $32,000 per year. The trial court noted all these facts and held that continued spousal support of $55 per month was appropriate.[1] "A change in circumstances may include any increase * * * in wages, salary, bonuses, living expenses, or medical expenses." Stevens v. Stevens (May 28, 1997), Summit App. No. 18057, unreported, at 8. Hence, we conclude that the trial court did not err in finding that a change of circumstances had occurred due to the increase in Ms. Franzmann's income. Further, we conclude that the trial court did not abuse its discretion in reducing but not discontinuing totally Mr. Franzmann's spousal support payments to Ms. Franzmann. Although Ms. Franzmann's financial situation has recently improved, on this record it was within the trial court's discretion to conclude that spousal support was still appropriate and reasonable.
Mr. Franzmann also argues that under Kunkle v. Kunkle (1990),51 Ohio St.3d 64, the trial court was required to state a specific termination date for his spousal support obligation and erred by failing to do so. In Kunkle, the Ohio Supreme Court stated:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
Id. at paragraph one of the syllabus. In other words, although Ohio courts have recognized that spousal support generally should terminate on a date certain, an exception exists in instances of marriages of long duration, parties of advanced age, and homemaker-spouses who have little opportunity to gain employment outside the home. Moore v. Moore (1992), 83 Ohio App.3d 75, 79.
Mr. Franzmann's marriage, lasting some twenty years, was a marriage of long duration. A twenty-year marriage satisfies the marriage of long duration test set forth in Kunkle by the Ohio Supreme Court. Shaffer v. Shaffer (1996), 109 Ohio App.3d 205,213 (stating that a marriage of twenty-five years "clearly qualif[ies] as a marriage of long duration."); Soley v. Soley
(1995), 101 Ohio App.3d 540, 550 (stating that where there was a twenty year marriage and the spouse requesting alimony was only semiskilled or unskilled Kunkle was satisfied); Vanke v. Vanke
(1994), 93 Ohio App.3d 373, 376-77 (stating in reference to a twenty-two year marriage that "[w]e have consistently found marriages of comparable years sufficient to constitute `long duration' within the meaning of Kunkle."). Hence, we conclude, as the marriage lasted twenty years and Ms. Franzmann is qualified for only unskilled or semiskilled employment, that the trial court did not err in failing to place a termination date on Mr. Franzmann's spousal support obligation, as the Kunkle test was fulfilled. Moreover, although the trial court did not specifically state its reasons for failing to place a termination date on Mr. Franzmann's spousal support obligation, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Mr. Franzmann's assignment of error is overruled.
Mr. Franzmann's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR
[1] The trial court ordered Mr. Franzmann to continue making the same size payments to Ms. Franzmann as before the spousal support modification until the substantial arrearage is eliminated. Mr. Franzmann does not, however, challenge this portion of the trial court's order.