DECISION AND JOURNAL ENTRY
Carl and Dayle Noll both appeal from a judgment of divorce granted by the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands the case so that the divorce decree may be modified consistent with this opinion.
 I.
Defendant-appellant Carl F. Noll and plaintiff-appellee Dayle A. Noll had been married for over twenty-five years when Dayle filed for divorce on May 23, 1996. Two children were born as issue of the marriage, who were emancipated at the time of the divorce. On January 30, 1998, the trial court issued an order that granted the parties a divorce, divided the marital property, and awarded Dayle spousal support.
Carl timely appeals, raising three assignments of error. Dayle cross-appeals, raising one assignment of error.
 II. ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN THE AWARD OF SPOUSAL SUPPORT TO DAYLE A. NOLL AS FOLLOWS:
 THE SPOUSAL SUPPORT AWARDED TO DAYLE A. NOLL WAS CONTRARY TO LAW. THE AWARD OF SPOUSAL SUPPORT FOR AN INDEFINITE PERIOD OF TIME IS CONTRARY TO LAW. THE FAILURE TO RESERVE JURISDICTION TO MODIFY THE SPOUSAL SUPPORT BASED UPON CHANGED CIRCUMSTANCES WHERE THE SPOUSAL SUPPORT WAS FOR AN INDEFINITE PERIOD OF TIME WAS CONTRARY TO LAW.
 Carl charges, in his first assignment of error, that the trial court committed reversible error in awarding Dayle spousal support. An appellate court will not overturn a spousal support award unless the award is unreasonable, arbitrary, or unconscionable. Kahn v. Kahn (1987), 42 Ohio App.3d 61, 66. An appellate court must presume that the findings of the lower court are correct. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 138. The burden is on the party challenging the award to show that the award is unreasonable, arbitrary, or unconscionable in order for this Court to overturn the award. Shuler v. Shuler (Oct. 27, 1999), Lorain App. No. 98CA007093, unreported.
The factors that a court must consider in determining an award of spousal support are set forth in R.C. 3105.18(C)(1):
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 A.
Carl insists that the spousal support award is contrary to law because the court did not make a determination regarding Dayle's "need or her ability or her lack of ability to be self supporting[,]" and that the trial court "[c]learly * * * found that Dayle is self supporting," and therefore, Dayle does not need support.
This Court has previously held that need is not a basis for an award of spousal support, "[t]he only relevant question is what is `appropriate and reasonable' under the circumstances," and that "once the fourteen factors [under R.C. 3105.18(C)(1)] have been considered, the amount of spousal support is within the sound discretion of the trial court." Bowen v. Bowen (1991), 132 Ohio App.3d 616,626.
In the divorce decree, the trial court stated that it had considered the factors under R.C. 3105.18(C)(1). A review of the record demonstrates that the spousal support is appropriate and reasonable given the circumstances that at the time of the divorce the parties had been married for twenty-seven years and had enjoyed an above average lifestyle. Dayle was forty nine years old and had obtained a college degree prior to the marriage, but did "not utilize her education by virtue of her commitment to assisting [Carl], in the pursuit of his law degree" and practice. Dayle had been the primary care taker of the parties' two children, and she had contributed economically to the marriage. Carl was fifty-one years old, making an above average salary practicing law as a sole practitioner.
Accordingly, this Court finds Carl's argument is without merit.
 B.
Carl also argues that the trial court erred in failing to establish a termination date for the award of spousal support. This Court disagrees.
Under the circumstances of the instant case, no specific termination date was required. The Ohio Supreme Court has held that spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus. "[A] marriage of long duration `in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of Kunkle.'" Bowen,supra, at 627, quoting Vanke v. Vanke (1994), 93 Ohio App.3d 373,377. In Bowen, this Court stated that a marriage of twenty years constituted a marriage of long duration which justified an indefinite award. In the instant case, the parties were married for twenty-seven years, and therefore, the trial court did not abuse its discretion in failing to provide a termination date for the spousal support award.
The trial court did, however, abuse its discretion in not reserving jurisdiction to modify the award. Gullia v. Gullia
(1994), 93 Ohio App.3d 653; Nori v. Nori (1989), 58 Ohio App.3d 69
. R.C. 3105.18(E)(1) requires a court to specifically reserve jurisdiction in order to subsequently modify a sustenance alimony award.[1] Absent this express reservation of authority, a court will not have continuing jurisdiction to modify a spousal support award. Stevens v. Stevens (1986), 23 Ohio St.3d 115.
 Carl's argument that the trial court abused its discretion in failing to reserve jurisdiction to modify support is well taken. This Court reverses and remands so that the divorce decree may be modified to include a continuing jurisdiction provision to enable the court to make an appropriate modification upon a change of circumstances.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN DETERMINING THAT THE VALUE OF THE ASSETS AND THE ACCOUNTS RECEIVABLE OF THE SOLE PROPRIETORSHIP OF CARL R. NOLL, A LAW PRACTICE, WAS VALUED AT $50,000.00.
 Carl argues, in his second assignment of error, that the trial court abused its discretion in valuing his law practice at fifty thousand dollars because: (1) the trial court valued the practice based on Dayle's expert; (2) the court failed to subtract the amount of the work in process; and (3) the expert incorrectly stated that the business had cash on hand of forty thousand dollars when it only had "[thirty-five thousand dollars] as of December 31, 1996." These arguments are not well taken.
The court heard testimony from two experts concerning the valuation of Carl's law practice. Dayle's expert, Dr. John Cook, a certified public accountant, testified that, conservatively, he estimated that the law practice had forty thousand dollars in cash and accounts receivable, and had ten thousand dollars worth of furniture, fixtures and equipment. Cook testified that he understated the value of the cash and accounts receivable because the amount of cash can vary, and that he understated the value of the equipment and furniture because the firm's library was not considered in the calculation. Cook also estimated that the firm's work in process was worth fifteen thousand dollars. Carl presented his law firm's accountant, Chris Costin, to testify to the value of the practice. Costin agreed with Cook's forty thousand dollar estimate for cash and accounts receivable, but argued that the furniture, fixtures, and equipment should be valued at six thousand dollars instead of ten thousand. Costin arrived at a value of eight thousand dollars for the work in process.
The trial court found that Dayle was "seeking only to share equally in the assets and accounts receivable, thereby rendering the dispute between the experts over the `work in progress' moot as it pertains to a division of the property of the parties," and "that the value of the law practice, consisting of the assets and accounts receivable, [is] fifty thousand dollars ($50,000)[.]"
Contrary to Carl's assertion that the trial court should not have relied on Dayle's expert's evaluation, it was well within the trial court's discretion to accept or reject either expert's opinion. Berthelot v. Berthelot (Apr. 15, 1998), Summit App. No. 18331, unreported.
 A lower court's determination of witness credibility cannot be reversed on appeal even if the reviewing court holds a contrary opinion. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273.
Id. The record shows that the trial court did not take the law firm's work in progress into consideration in valuing the practice. Therefore, Carl's assertion that the court failed to subtract the amount of the work in process is meritless. Carl's contention that the expert had erred when the expert testified as to the amount of cash on hand as of December 31, 1996, holds no weight; Dayle's expert valued the cash on hand at thirty-four thousand, eight hundred fifty three dollars for December 31, 1996; this amount is five thousand, one hundred forty seven dollars less than the amount Carl argues should have been used.
Accordingly, Carl's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT ERRED IN DETERMINING THAT THE STOCK PORTFOLIO OTHER THAN THE E.S.T.\FIRST MERIT STOCK WAS NOT TRACED TO THE DEFENDANT'S INHERITANCE.
 Carl avers that the trial court erred in finding that the stock portfolio, excluding the First Merit Stock, was marital property. This Court disagrees.
Under R.C. 3105.171, a trial court must classify property as marital or separate before awarding the property. "A trial court's characterization of property as marital or separate is reviewed under an abuse of discretion standard." White v. White
(Feb. 18, 1998), Summit App. No. 18275, unreported, citing Peck v.Peck (1994), 96 Ohio App.3d 731, 734. The party seeking to establish that an asset or portion of an asset is separate has the burden of proof to trace the asset to his separate property. Modonv. Modon (1996), 115 Ohio App.3d 810, 815; Franklin v. Franklin
(June 8, 1994), Summit App. No. 16366, unreported. "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b).
It is undisputed that during the parties' marriage Carl was the beneficiary of an inheritance that was paid in three distributions. The record indicates, and Carl concedes, that the inheritance was commingled with marital assets. Carl contends, however, that he used his inheritance to purchase all of the stocks and mutual funds (except First Merit) and that the stocks and mutual funds are traceable to his separate property.
Carl maintains that the evidence clearly identified the stocks and mutual funds as his separate property. In support, Carl points out that the exhibits and the trial court's order show that the stocks and mutual funds are held in Carl's name only. However, "the holding of title to property by one spouse individually * * * does not determine whether the property is marital property or separate property." R.C. 3105.171(H). Carl also points to "his Northern Savings check register #32" as evidence that the stocks and mutual funds are traceable to his separate property. The Northern Savings exhibit does not show a check register number thirty-two. This Court will assume that Carl is referring to exhibit number thirty-two, which is the Northern Savings and Loan register for August 21, 1995 to October 16, 1997. A review of that exhibit and the complete record does not clearly indicate that the stocks and mutual funds were purchased with Carl's inheritance.
Accordingly, this Court cannot conclude that the trial court abused its discretion in finding that Carl failed to sufficiently prove that his inheritance was traceable to his separate property.
Carl's third assignment of error is rejected.
 ASSIGNMENT OF ERROR NO. 4 THE TRIAL COURT ERRED IN FAILING TO ORDER THE DISPOSITION OF THE PARTIES' 1997 INCOME TAX RETURNS.
 In his fourth assignment of error, Carl argues that the trial court committed reversible error in failing to order a distribution of any tax refund, or an allocation of any liability, for the parties' 1997 income tax return. This Court agrees.
The trial court ordered:
 that for the tax year 1997, the parties shall have prepared by an accountant of [appellee's] choosing, and at [appellee's] expense, their tax return. The accountant shall determine the most advantageous filing status and the parties shall so file their 1997 tax return.
 The trial court possesses broad discretion in effecting a property division. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. Therefore, absent an abuse of discretion, the trial court's judgment will not be overturned. Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295; White, supra. Although the court enjoys wide latitude in determining how to distribute property, the court must distribute the property. R.C. 3105.171(B). "A divorce decree that does not dispose of all the property * * * is insufficient and incomplete." Kette v. Kette
(Nov. 12, 1997), Summit App. No. 18288, unreported, citing Rowe v. Rowe (1990), 69 Ohio App.3d 607, 613. By failing to distribute the tax refund or liability, the trial court failed to dispose of all property and, therefore, abused its discretion.
Carl's fourth assignment of error is sustained.
 Cross-Appeal THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLEE/CROSS[-]APPELLANT HER ATTORNEY FEES AND LITIGATION COSTS NECESSARY FOR THE PRESENTATION OF HER CASE.
 In her sole assignment of error, Dayle asserts that the trial court erred in not awarding her attorney's fees because there is a substantial disparity in the parties' incomes and earning potential. This Court disagrees.
Pursuant to R.C. 3105.18(H), a court may require one party to pay the other's reasonable attorney's fees if that party has the means to pay. In making this determination the statute requires the court to consider "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C. 3105.18(H). The trial court has broad discretion on the issue of attorney fees and its decision will not be overturned absent a showing of an abuse of discretion. Bowen, supra.
Dayle contends that because Carl's income is almost four times greater than her own, and because her attorney's fees amount to more than her total one year salary, the trial court committed reversible error in not awarding her attorney's fees. Dayle has not, however, alleged that she was prevented from fully litigating her rights and protecting her interests, or that the court denied her this opportunity. Disparity in income alone is insufficient to support a finding that the court's order was unreasonable, arbitrary or unconscionable. Id. at 642. This Court has held that:
 [T]he payment of attorney fees is primarily the function of the party who retains the attorney. It is not an equal obligation of both parties. While the law allows one party to a divorce under certain conditions to be required to pay for all or some of the other party's legal fees, R.C. 3105.18, the trial court must make the determination equitably and fairly to serve the ends of justice.
Id.
Accordingly, this Court finds that the trial court did not abuse its discretion in ordering each party to pay their own attorney's fees. Dayle's cross-assignment of error is overruled.
 III.
For the foregoing reasons, this Court hereby affirms in part and reverses in part the judgment of the Lorain County Court of Common Pleas. This case is remanded to the trial court for a correction of the divorce decree so that the trial court retains jurisdiction to modify spousal support, and distributes the parties' 1997 tax refund or liability.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
WHITMORE, J., CONCURS, SLABY, P.J.
[1] We further note that the record contains no transcript or other record of the October 7, 1999 hearing. As such, we must presume the validity of the proceedings. Knapp v. Edwards Lab.
(1980), 61 Ohio St.2d 197, 199.