This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Christina Geschke, appeals from the judgment in the Medina County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce. Appellee/Cross-Appellant, James Geschke, filed a cross-appeal. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
{¶ 2} On October 22, 1999, Appellant, filed a complaint for divorce against Appellee. In response, Appellee filed an answer and counterclaim for divorce. Following a hearing before a magistrate, the magistrate issued a report and proposed decision. Thereafter, Appellant and Appellee filed objections to the magistrate's decision. The magistrate overruled the objections. On September 5, 2001, the trial court adopted the magistrate's findings and decision and entered a decree of divorce. Appellant timely appealed raising three assignments of error for our review. Appellee cross-appealed raising three cross-assignments of error. To facilitate review, we will address assignment of error two and cross-assignments of error one and two together.
 ASSIGNMENT OF ERROR I {¶ 3} "The trial court erred in determining the gross income for [Appellee] in determining his child support obligation pursuant to [R.C.] 3113.215."
{¶ 4} In her first assignment of error, Appellant maintains that the lower court did not comply with R.C. 3113.215[1] when computing Appellee's gross income for child support purposes. Specifically, Appellant contends that the trial court erred by failing to include Appellee's annual stock bonuses in his gross income calculation as required by R.C. 3113.215(B)(5)(d). We agree.
{¶ 5} As a trial court possesses considerable discretion in child support matters, a decision will be reversed only upon finding an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144. See, also, Ford v. Ford, 9th Dist. No. 3222-M, 2002-Ohio-3498, at ¶ 8. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
{¶ 6} R.C. 3113.215 governs the procedure for awarding and calculating child support. The provisions are mandatory and must be strictly followed in all material respects as the overriding purpose of R.C. 3113.215 is the best interest of the child for whom support is to be awarded. Murray v. Murray (Feb. 8, 1999), 12th Dist. No. CA98-08-097, citing Marker v. Grimm (1992), 65 Ohio St.3d 139, 141-42. The child support calculation is to be determined in accordance with the child support schedule in R.C. 3113.215(D) and the applicable model worksheet in R.C. 3113.215(E) or (F). R.C. 3113.215(B)(1).
{¶ 7} The award of child support is based on the obligor's "income," as defined in R.C. 3113.215(A)(1). "Income," for a parent who is fully employed, is defined as "the gross income of the parent." R.C.3113.215(A)(1). "Gross income" includes "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to, income from salaries, wages, overtime pay and bonuses to the extent described in division (B)(5)(d) of this section, * * * and all other sources of income * * * and potential cash flow from any source." R.C. 3113.215(A)(2). This definition is both broad and expansive to ensure that the best interests of the child beneficiary are protected. Murray, supra, quoting McQuinnv. McQuinn (1996), 110 Ohio App.3d 296, 300-01.
{¶ 8} In regards to bonus income, R.C. 3113.215(B)(5)(d) provides that: "[w]hen the court * * * calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses: (i) [t]he yearly average of all * * * bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed; [or] (ii) [t]he total * * * bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."
{¶ 9} Additionally, this Court has stated that the statute clearly and unambiguously provides for bonuses to be included in income computations for the year in which they are "received," and not when they are "earned." Dilacqua v. Dilacqua (Sept. 3, 1997), 9th Dist. No. 18244, at 4. We noted that payroll records, tax returns, and check stubs may be utilized to verify the receipt of bonus compensation. Id.
{¶ 10} It is important to note that R.C 3113.215(A)(2)(e) excludes "[n]onrecurring or unsustainable income or cash flow items" from the calculation of gross income. This is income that a parent does not expect to receive on a regular basis and does not include income or cash flow "that the parent receives or expects to receive for each year for a period of more than three years or that the parent receives and invests or otherwise utilizes to produce income or cash flow for a period of more than three years." R.C. 3113.215(A)(11).
{¶ 11} The question before this Court is whether the yearly stock bonuses received by Appellee should be included in his gross income. Appellee argues that the shares of stock should not be included in his gross income because they "can only be evaluated as income when they are sold." Appellee's argument is without merit.
{¶ 12} The evidence presented at trial, which included 1040's and W2 forms, established that Appellee's income for the last five years included his stock bonuses. Appellee's combined income was approximately $61,000 in 1996, $65,000 in 1997, $64,000 in 1998, $92,000 in 1999, and $82,000 in 2000. The trial court adopted the magistrate's finding that Appellee's base salary was $63,300. Additionally, at the hearing, Appellee asserted that his bonus income in 1998 was around $13,000 or $14,000; in 1999 it was $16,000; and in 2000 it was $33,000. Appellee also stated that he receives bonuses "every year in stock" and he can liquidate them at any time despite the incentives offered to those who hold them.
{¶ 13} Upon a thorough review of the record, we find that the trial court erred in its calculation of Appellee's gross income for purposes of child support. It is clear from the evidence presented at the hearing that Appellee received regular bonuses from his employer. In light of R.C. 3113.215(B)(5)(d), the bonuses were to be taken into account when calculating Appellee's gross income. Accordingly, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II {¶ 14} "The trial court erred in its determination of [s]pousal [s]upport."
 CROSS-ASSIGNMENT OF ERROR I {¶ 15} "The trial court abused its discretion in awarding [Appellant] a fixed sum of spousal support rather than a variable sum which would allow [Appellee] to pay [Appellant] a share of his stock bonuses if and when such bonuses are received."
 CROSS-ASSIGNMENT OF ERROR II {¶ 16} "The trial court abused its discretion in awarding [Appellant] spousal support for an excessive term."
{¶ 17} In her second assignment of error, Appellant avers that the trial court's award of spousal support is deficient in amount and length based upon consideration of the factors set forth in R.C. 3105.18. Appellant argues the spousal support award should continue for the remainder of her lifetime. Conversely, Appellee, in his first and second cross-assignments of error, contends that the amount of the existing spousal support award should be variable, and not fixed, in nature and that the term is excessive.
{¶ 18} Trial courts have broad discretion with regards to support awards. Schaaf v. Schaaf (Dec. 24, 1997), 9th Dist. No. 2652-M, at 9. See, also, Blakemore, 5 Ohio St.3d at 218. An appellate court may not overturn a spousal support award unless the award is "unreasonable, arbitrary, or unconscionable." Cope v. Cope, 9th Dist. No. 20768, 2002-Ohio-3860, at ¶ 20, citing Kahn v. Kahn (1987),42 Ohio App.3d 61, 66. The party challenging the award has the burden of showing unreasonableness, arbitrariness, or unconscionability. Cope at ¶ 20, citing Shuler v. Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093, at 4-5. As stated earlier, an appellate court may not substitute its judgment for that of the trial court. Pons,66 Ohio St.3d at 621.
{¶ 19} Ohio courts have often expressed that spousal support awards should generally be terminable on a specified date. Cope at ¶ 40, citing Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 68. However, an exception arises in cases where there was a marriage of long duration or when a spouse was a homemaker and has little opportunity to develop meaningful employment outside the home. Cope at ¶ 40, citingKunkle, 51 Ohio St.3d at 68. In those cases, a trial court may award spousal support of indefinite duration without abusing its discretion, but is not required to do so. Bowen v. Bowen (1999), 132 Ohio App.3d 616,627, quoting Vanke v. Vanke (1994), 93 Ohio App.3d 373, 377.
{¶ 20} R.C. 3105.18(C)(1) governs spousal support awards and sets forth factors the trial court must consider when determining awards of this nature. The statute reads as follows: "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider all of the following factors: (a) [t]he income of the parties * * *; (b) [t]he relative earning abilities of the parties; (c) [t]he ages and the physical, mental, and emotional conditions of the parties; (d) [t]he retirement benefits of the parties; (e) [t]he duration of the marriage; (f) [t]he extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home; (g) [t]he standard of living the parties established during the marriage; (h) [t]he relative extent of education of the parties; (i) [t]he relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) [t]he contribution of each party to the education, training, or earning ability of the other party * * *; (k) [t]he time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience * * *; (l) [t]he tax consequences, for each party, of an award of spousal support; (m) [t]he lost income production capacity of either party that resulted from that party's marital responsibilities; (n) [a]ny other factor that the court expressly finds to be relevant and equitable."
{¶ 21} The trial court stated, in its order, that the spousal support award "is based upon a consideration of all of the factors listed in [R.C.] 3105.18." Additionally, the trial court expressly reserved jurisdiction over the "term and amount of the spousal support award." In this case, Appellant is fifty years old and never earned more than $14,000 per year. She does not have a college degree. Appellant worked during the early years of the marriage, however, after the children were born she devoted her time to raising them and taking care of the family, thus allowing Appellee to develop his career and income potential. Furthermore, the marriage was of long duration as it lasted for twenty-four years. See Bowen, 132 Ohio App.3d at 627 (finding that a marriage of twenty years constituted a marriage of long duration).
{¶ 22} Upon review of the trial court's order and the record on appeal, it does not appear that the award to Appellant, of $1,600 per month from the date of divorce, February 12, 2001, through July 1, 2002, and then $2,550 per month for the following one hundred thirty-two months, is unreasonable, arbitrary, or unconscionable. Additionally, as the trial court "retain[ed] jurisdiction over the term and amount of the spousal support award" an adjustment may be made upon the filing of a motion with the trial court. See Morgan v. Morgan (Oct. 24, 2001), 9th Dist. No. 01CA0017, at 5. Appellant and Appellee may seek a modification of the amount of spousal support at any time. Id. Under these circumstances, this Court cannot say that the trial court abused its discretion when calculating Appellant's spousal support award.
{¶ 23} Accordingly, Appellant's second assignment of error and Appellee's first and second cross-assignments of error are overruled.
 ASSIGNMENT OF ERROR III {¶ 24} "The trial court failed to award [Appellant] reasonable [attorney's] fees."
{¶ 25} In her third assignment of error, Appellant maintains that the trial court abused its discretion when it failed to award her reasonable attorney's fees. Specifically, Appellant contends that because of the great disparity in the parties' income, an award of reasonable attorney's fees was mandated. We disagree.
{¶ 26} This Court reviews a trial court's decision regarding attorney's fees under an abuse of discretion standard. Holcomb v.Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at 16. Trial courts enjoy broad discretion in determining whether to award attorney's fees.Morgan, supra, at 6, citing Bowen, 132 Ohio App.3d at 642. It is important to note that the party retaining the attorney generally bears the burden of payment. Smith v. Smith (Dec. 5, 2001), 9th Dist. No. 20519, at 8, citing Bowen, 132 Ohio App.3d at 642. See, also, Morgan, supra, at 6.
{¶ 27} However, in divorce cases, R.C. 3105.18(H) provides for an award of attorney's fees in some instances. Smith at 8-9; Morgan at 5-6. R.C. 3105.18(H) states that: "[i]n divorce * * * proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." The trial court must make the determination equitably and fairly so as to serve the ends of justice. Bowen,132 Ohio App.3d at 642.
{¶ 28} An examination of the relevant aspects of the record reveals that Appellant's assertion is without merit. Although Appellee earns substantially more than Appellant, "this disparity alone is insufficient to support a prevailing contention that without an award of fees [Appellant] would be prevented from fully litigating her rights and protecting her interests." Bowen, 132 Ohio App.3d at 643. Appellant has not demonstrated that she was unable to fully litigate her rights or adequately protect her interests due to this disparity in income. Smith, supra, at 9. In fact, the record indicates that Appellant was able to hire counsel and endure almost three years of litigation and an appeal. See Smith, supra, at 9. Although Appellant testified that she had paid $5,000 of the $27,000 in attorney's fees, she did not offer evidence to support her contention that she was unable to fully litigate her divorce claim.
{¶ 29} In the absence of evidence illustrating an inability to adequately pursue justice without an award, this Court finds no clear showing of an abuse of discretion in the trial court's order holding each party responsible for their own attorney's fees. Id. at 644. Accordingly, Appellant's third assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR III {¶ 30} "The trial court abused its discretion in awarding [Appellant] the right to claim the income tax dependency exemption for the minor child."
{¶ 31} In his third cross-assignment of error, Appellee asserts that the trial court erred in awarding the tax dependency exemption to the custodial parent. We disagree.
{¶ 32} A trial court enjoys broad discretion when allocating tax dependency exemptions, and absent a showing of an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Morgan, supra, at 15; Deckerd v. Deckerd (Dec. 18, 1999), 7th Dist. No. 95-CO-33. Presumptively, under the Internal Revenue Code, the residential parent receives the tax dependency exemption. Singer v.Dickinson (1992), 63 Ohio St.3d 408, 411.[2] However, a trial court may award the exemption to the non-residential parent if doing so is in the best interests of the minor child, and doing so would produce a net tax savings for the parents. Id. at 415; Morgan, supra, at 15. The court is to review all relevant factors, including "the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state and local income tax rates."Singer, 63 Ohio St.3d at 416. It is important to note that "Singer only requires this analysis in the event the court awards the deduction to the noncustodial parent[.]" (Emphasis sic.) Williams v. Williams (Sept. 29, 2000), 11th Dist. No. 99-A-0008. Furthermore, the burden is on the movant, not the court, to provide the information required in order to overcome the presumption.
{¶ 33} Although Appellee's gross income is higher than Appellant's, the trial court is not required to award the spouse with the greater income the tax dependency exemption. Deckerd, supra. Additionally, the magistrate found that "[Appellee] has failed to rebut the presumption with evidence that the family will benefit more if he receives the exemption. It should be noted, too, that [Appellant] would be in a higher tax bracket based on her receipt of spousal support." Accordingly, Appellee has failed to demonstrate that the trial court abused its discretion in regards to this issue. Appellee's third cross-assignment of error is overruled.
{¶ 34} Appellant's second and third assignments of error and Appellees's first, second and third cross-assignments of error are overruled. Appellant's first assignment of error is sustained. Accordingly, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.
BAIRD, J, CONCURS IN JUDGMENT ONLY; CARR, J. CONCURS.
[1] At the time of the hearing, R.C. 3113.215 governed the procedures a trial court must follow when calculating a child support award. We acknowledge that R.C. 3113.215 was repealed, effective March 22, 2001, and replaced by R.C. 3119.01, et seq. See Am.Sub.S.B. No. 180. However, this Court will review Appellant's assignment of error based on the use of R.C. 3113.215, which was the statute in effect at the time of the hearing. See Ford v. Ford, 9th Dist. No. 3222-M, 2002-Ohio-3498, fn2;Curry v. Curry (Sept. 26, 2001), 4th Dist. No. 01CA10.
[2] Essentially, as of March 22, 2001, R.C. 3119.82 codifies the test in Singer. However, at the time of the hearing, R.C. 3119.82 was not in effect. Therefore, this Court will review Appellant's assignment of error based on the law in effect at the time the hearing was conducted. SeeCurry, supra.