**POE, Appellant,**

v.

**POE, Appellee.**

[Cite as *Poe v. Poe* (1995), 102 Ohio App.3d 581.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8-94-33.

Decided April 19, 1995.

*Gerald L. Heaton,* for appellant.

*Linda Stoner,* for appellee.

HADLEY, Judge.

This is an appeal from the October 20, 1994 decree of divorce granted by the Court of Common Pleas of Logan County ordering appellant Donald A. Poe to pay to appellee Beverly J. Poe the sum of $450 per month for spousal support, terminating upon her remarriage or attainment of retirement age or upon the death of either party. Appellant assigns as the sole error:

"The trial court abused its discretion in awarding spousal support of twenty years for a twenty-year marriage."

The case came on for hearing in the trial court on August 19, 1994. The issues for determination at the hearing were the distribution of property and debts, the allocation of parental rights and responsibilities, the amount of child and spousal support, and the tax exemption allocation.

The trial court found that the parties were married September 29, 1973 and that two children were born of the marriage, one currently age seventeen and one age twelve. A shared parenting plan was adopted by the court and appellant was ordered to pay $822.12 per month for child support. Appellant was granted the tax exemption allocation of the minor children as dependents.

Appellee was awarded the 516 East Columbus property valued at $79,649, the 1993 Escort Wagon valued at $8,025, eight different savings accounts valued at $12,633.76, and a cash award of $2,000. (The only dispute as to the division of property was whether or not appellant should pay appellee a cash award in excess of $4,000). These assets total $102,307.76 in value.

Appellant was awarded the real estate at 1173 Erie, valued at $75,184, the 1994 Camry wagon valued at $17,705, the 1987 Mercury Sable, valued at $3,650, his retirement fund valued at $31,956.23, two tuition trust accounts valued at

$3,752.50 each, a savings account valued at $5,105.89, and a credit union account valued at $6,708.60. These assets total $147,814.72 in value.

Appellant was ordered to assume the indebtedness at Americom Bank totaling $54,022.90 and Provident Bank totaling $12,549. Appellee is to assume the indebtedness with Americom Bank on her home in the amount of $27,712.40 and control of the savings accounts which are children's trusts in the amount of $4,950.22.

In considering the issue of spousal support, the trial court considered the long duration of the marriage, the standard of living, the respective incomes of the parties, appellant's routine raises in income, the ages and the physical and mental health of the parties, the real estate division, and appellant's retirement fund. The court also considered that appellee, during the marriage, had been out of the job market and the effect that it would have on her income production capacity. The court then indicated that under R.C. 3105.18, the sum of $450 per month was a reasonable amount for spousal support, terminating upon the death of either party, the remarriage of appellee, or upon appellee's attainment of retirement age and eligibility for social security. The court then reserved jurisdiction over the spousal support stating, "If the federal government changes the law or there are other changed circumstances, the Court can reconsider all of those things at the appropriate time upon motion of either party."

Appellant argues that the spousal support is unreasonable and that:

"The payee spouse is 42 years old and in good health and more than capable of increasing her earning capacity in the next few years. She has been awarded the equivalent of one half of the payor's pension and so has not been deprived in that manner. The youngest child will be emancipated in six years. It seems only reasonable that a sustenance award continue until the children are emancipated. Within that period of time she should be able to obtain any additional training she desires to increase her earning capacity."

Pursuant to R.C. 3105.18, a reasonable amount of spousal support should be awarded when appropriate. Trial courts have broad discretion in formulating spousal support awards and a reviewing court should not alter an award absent a finding that the trial court abused its discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. An appellate court cannot substitute its judgment on factual or discretionary issues for that of the trial court. *Id.* at 218–219, 5 OBR at 481–482, 450 N.E.2d at 1141–1142. An abuse of discretion must indicate that the trial court's attitude is unreasonable, unconscionable or arbitrary. *Id.* at 219, 5 OBR at 482–483, 450 N.E.2d at 1142.

Appellant cites *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, which states in paragraph one of its syllabus:

"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

That case dealt mainly with the trial court's awarding the amount of support based upon a fixed percentage of the payor's gross annual income, which did not occur in the instant case. The Supreme Court did point out in the *Kunkle* case, however, that spousal support should be based upon need and the goal is to reach an equitable result.

In considering the totality of the circumstances in this case, neither side has determined that spousal support of some duration is unwarranted. We have a marriage of long duration in which the appellee took care of the parties' children and until recent years did not develop employment outside the home. She will have children at home for at least six more years. There is no requirement during this time that she neglect her duties in that regard to pursue additional training to increase her earning capacity. In addition, the trial court has reserved jurisdiction over the spousal support and thus can maintain the equitable result already achieved.

We find that the requirements of the *Kunkle* case have been met and that the court considered the provisions of R.C. 3105.18 in establishing the spousal support and, therefore, we find no abuse of discretion.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.