I respectfully dissent.
First, according to this Court's majority ruling in In reDortch (Nov. 24, 1999), Summit App. No. 19458, unreported, the order in the instant case is not a final appealable order. As such, this Court does not have jurisdiction to hear the appeal.
I dissented in Dortch saying that I have held that the order in that case was final and appealable and that I would have decided the case on the merits. However, this Court refused to reach the merits of the case, holding that a judgment entry that "overruled * * * objections, described the magistrate's orders, and stated: `The Magistrate's Decision is approved and becomes an order of this Court'" was not final and appealable because the entry failed to set forth the orders of the trial court. Id.
In the instant case, this Court is ignoring the improper adoption of the magistrate's decision and deciding the case on the merits. The trial court improperly adopted the magistrate's decision on September 25, 1996.[4] Like the entry inDortch, the trial court's entry here stated that it "adopts the Magistrate's Decision and makes it the order of the court." Both the appellant and the appellee filed objections to the magistrate's decision. On October 18, 1996, the trial court overruled the appellee's objections, but failed to rule on appellant's objections. On August 28, 1998, the trial court overruled the appellant's objections and improperly adopted part of the magistrate's decision of September 25, 1996, stating that "[t]he Magistrate's Decision is approved and becomes an order of this Court."
Therefore, despite the fact that I disagree that such orders are not final and appealable, consistency with this Court's prior holdings mandates that we hold that the order in the present case is not final and appealable, which means that this Court has no jurisdiction to hear the appeal. See Dortch, supra. To hold otherwise means that this Court is deciding which of the improperly adopted magistrate decisions are worthy of a review on the merits. This will only serve to frustrate trial courts and litigants in meeting a requirement that this Court has said "is neither exacting nor of such an equivocal nature." See Dortch,supra.
Second, even assuming arguendo that this Court has jurisdiction, I dissent because I believe that the trial court abused its discretion in adopting the magistrate's decision that found that a substantial change of circumstances had occurred to justify a modification of support. The magistrate found that there had "been a substantial change in circumstances which would warrant a modification of spousal support" based on appellee's "ability to pay his financial obligations under the separation agreement and [appellant's] ability to become self-supporting." The appellant's ability to become self-supporting had not changed. The magistrate's decision stated that the appellant had "the option of obtaining vocational or technical training at [appellee's] expense," but that "she [chose] to forego this opportunity and has elected to remain unemployed." There is no language in the divorce decree that requires appellant to find work, and appellant has argued that she and appellee had agreed during their marriage and at the time of the divorce that she would stay home and raise their three children until all the children were out of school. Appellee has never denied this assertion. The magistrate's decision simply punishes appellant for choosing to stay home and raise the parties' three children before getting a job or pursuing further education.
Although it is proper for a court to induce the payee spouse to improve his or her employment prospects through education and training, the court should recognize the residential parent's employment limitations. Schwab v. Schwab (Jan. 15, 1998), Lawrence App. No. 97 CA 36, unreported. There is no requirement during the time that minor children are in the home of the residential parent that the residential parent neglect his or her duties as homemaker to pursue additional training to increase his or her earning capacity. Id., citing Poe v. Poe (1995),102 Ohio App.3d 581, 584.
I would also find that it was an abuse of discretion for the trial court to adopt the magistrate's finding that appellee's ability to pay his financial obligations under the separation agreement had substantially changed. The magistrate found that appellee's income had been reduced by $14,560 since the divorce because he had reorganized his business from an S corporation to a C corporation and that appellee draws the reduced salary to allow the company to have more cash flow.
The appellee's income had been reduced by less than $15,000, but, considering the totality of the circumstances, appellee's financial position has not changed substantially. See McAlisterv. McAlister (July 31, 1985), Wayne App. No. 2067, unreported (holding that, considering appellant's total assets, it was not error for the trial court to refuse to eliminate spousal support despite the fact that the appellant's monthly expenses exceeded monthly income). At the time of the magistrate's hearing, appellee's financial obligations for child support under the separation agreement had been reduced, he was still the sole owner of his business; the reorganization merely shifted assets, and his new wife was drawing a salary of $20,000. This Court has held that a change in a party's economic situation must be drastic to warrant any adjustment in support. See Mottice v. Mottice (1997)118 Ohio App.3d 731, 693 N.E.2d 1179; Riley v. Riley (Oct. 27, 1999), Summit App. No. 19363, unreported; Franzmann v. Franzmann
(Oct. 27, 1999), Summit App. No. 19495, unreported. Therefore, I would hold that it was an abuse of discretion for the trial court to adopt the magistrate's decision finding that there had been a substantial change in appellee's ability to pay spousal support.
[4] Although the judgment entry reads that the magistrate's decision was issued on September 23, 1996, the order was time stamped only once, the same time and day of the September 25, 1996 judgment entry.