OPINION
Defendant-appellant James R. Parker appeals from a divorce decree entered by the Montgomery County Court of Common Pleas, Domestic Division. Mr. Parker contends that the trial court erred in dividing his military retirement benefits, including his survivor's benefits, and by rejecting an agreement regarding spousal support. From our review of the record, we conclude that the trial court abused its discretion in regard to these property issues. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded to the trial court for further proceedings in accordance with this opinion.
 I
Charlene Parker and James Parker were married in 1975. The couple separated on July 4, 1996. Mrs. Parker filed a complaint for divorce on June 8, 1999. The parties were able to agree to a division of their debts and most of their assets. The issues on which the parties could not agree were tried before the court on February 14, 2000. At trial, the following evidence was adduced.
In 1985, Mr. Parker retired from the United States Air Force. After his retirement, Mr. Parker began receiving military retirement benefits. Shortly thereafter, he returned to full-time work in the Civil Service Retirement System at Wright Patterson Air Force Base. Some time prior to the parties' separation, Mr. Parker began funding his Thrift Savings Plan from his wages, and Mrs. Parker began working at the United States Air Force Museum. At the time of trial, Mrs. Parker was earning approximately $20,696 and Mr. Parker was earning $51,470 per year. Additionally, Mr. Parker was receiving $19,116 per year in military retirement benefits. Mrs. Parker was 54 and Mr. Parker was 59 years old.
The parties stipulated that Mr. Parker would pay spousal support in the amount of nine hundred dollars per month for a period of seven years to Ms. Parker. They also stipulated that from July 1, 1999 forward, Mrs. Parker was entitled to 19.38 per cent of Mr. Parker's military retired pay. However, the parties could not agree whether Mrs. Parker was entitled to any of the retirement benefits received during the period of separation. They further agreed that Mrs. Parker was entitled to one-half of Mr. Parker's Thrift Savings Plan accrued during the marriage, but could not agree whether that included the amounts accrued after the date of separation. Finally, the parties could not reach an agreement regarding whether Mrs. Parker was entitled to be designated as the beneficiary of Mr. Parker's Military Survivor's Benefits Plan.[1]
On February 16, 2000, the trial court entered its Findings of Fact, Conclusions of Law and Trial Decision. Subsequently, on May 11, 2000, the trial court entered a final decree of divorce. The trial court required Mr. Parker to pay 19.38 per cent of the military benefits received during the separation to Mrs. Parker. The trial court also rejected the parties' agreement that spousal support would terminate in seven years, electing, instead, to award support for an indefinite period. Finally, the trial court awarded Mrs. Parker a portion of the Military Survivor's Benefit Plan.[2] Mr. Parker appeals.
 II
Mr. Parker's First Assignment of Error states as follows:
 THE TRIAL COURT'S ORDER REQUIRING APPELLANT TO PAY APPELLEE THE APPELLEE'S SHARE OF THE MARITAL PORTION OF APPELLANT'S MILITARY RETIRED PAY RECEIVED BY APPELLANT DURING THE TIME PERIOD OF JULY, 1996 THROUGH JUNE, 1999 WAS INEQUITABLE AND AN ABUSE OF DISCRETION.
Mr. Parker contends that the trial court erred and abused its discretion by requiring him to reimburse Mrs. Parker for her share of the military retirement benefits received during the period of time the couple was separated. In support, he argues that the benefits received during the separation were expended for living expenses, and therefore no longer existed at the time of the decree. He argues that the trial court's order requiring him to pay Mrs. Parker a share of the benefits for that period constitutes a distributive award.
The trial court found that the retirement benefits received during the parties' separation were a marital asset. Therefore, it ordered Mr. Parker to reimburse Mrs. Parker for her share of the benefits. The order required Mr. Parker to make monthly payments of $272.77 for thirty-six months.
In dividing marital property, a domestic relations court must equitably divide the marital property after a consideration of the relevant factors found in R.C. 3105.18(B). Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,95. The trial court is granted broad discretion in determining an appropriate division of property. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. A trial court's disposition of property will not be reversed absent an abuse of discretion. Kaechele, supra,35 Ohio St.3d at 94. It is well-established that an abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In this case, there is no finding by the trial court, and no evidence to indicate, that the asset still existed at the time the trial court ordered its division. Also, there is no evidence to indicate that the asset was dissipated due to any financial misconduct. Furthermore, the parties agreed to what the trial court termed an equitable division of all existing assets.[3] Therefore, it can be presumed that any portion of the disputed benefits that had not been expended were divided in accordance with the agreement of the parties.
From our review of the trial court's decision, we conclude that the order regarding the reimbursement of the benefits is essentially a distributive award. A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support * * *." R.C. 3105.171(A)(1). R.C. 3105.171(E) permits the trial court to make a distributive award to facilitate, effectuate, or supplement a division of marital property, or in lieu of a division of marital property to achieve equity between the spouses, or to compensate one spouse for the financial misconduct of the other. In making a distributive award, the trial court must consider nine factors set forth in R.C. 3105.171(F). In any order for a distributive award, or for the division or disbursement of property, the court must make written findings of fact that support its determination that the marital property has been equitably divided. Id. at subsection (G).
 In this case, the trial court did not make any of the findings required by R.C. 3105.171(G) to support a distributive award. There is no indication that the trial court considered the factors listed in R.C. 3105.171(F). Without an express explanation as to why a distributive award is necessary, it is not reasonable for the trial court to order one. Moreover, we find no evidence in the record to support a distributive award. Therefore, we conclude that the trial court abused its discretion by making an award to Mrs. Parker representing her share of a marital asset that did not exist at the time the trial court divided it.
The First Assignment of Error is sustained.
 III
The Second Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO SET-OFF AGAINST ITS DISTRIBUTIVE AWARD THE MONEY THAT APPELLEE TOOK WITH HER WHEN SHE LEFT THE MARITAL RESIDENCE AND THE MONEY THAT APPELLANT SPENT ON APPELLEE DURING THE PERIOD OF SEPARATION.
Mr. Parker contends that since the trial court awarded a portion of the retired military pay benefits earned during the separation to Mrs. Parker that it should have reduced the amount awarded by the amount of money that she took with her when she left the marital residence and by the amount of money paid to her as support during that time period.
At the oral argument of this appeal, Mr. Parker conceded that this assignment of error would become moot if we were to sustain his First Assignment of Error. Since we are sustaining his First Assignment of Error, his Second Assignment of Error is overruled as moot.
 IV
The Third Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REJECTED THE PARTIES' STIPULATION THAT APPELLANT'S SPOUSAL SUPPORT OBLIGATION WOULD TERMINATE UPON THE EXPIRATION OF SEVEN (7) YEARS AND AWARDED SPOUSAL SUPPORT FOR AN INDEFINITE PERIOD.
Mr. Parker contends that the trial court abused its discretion by failing to adopt their agreement that he would pay spousal support to Mrs. Parker in the sum of $900 per month for a period of seven years. Mr. Parker notes that while courts are not bound by stipulations, he contends that the trial court had no basis for rejecting their agreement, and that its decision was based solely upon the trial court's desire to punish him.
Trial courts have broad discretion in formulating spousal support awards, and reviewing courts should not alter an award absent a finding that the trial court abused its discretion. Poe v. Poe (1995),102 Ohio App.3d 581, 583, citation omitted.
The trial court rejected the proposed spousal support agreement as inequitable. In its Findings of Fact, Conclusions of Law and Trial Decision, the trial court made the following findings:
 The parties separated in July of 1996. The plaintiff's complaint for divorce was filed in June, 1999. Based upon a 21-year duration of the marriage from 1975 to 1996, the parties agreed upon a 7-year spousal support obligation, beginning March 1, 2000, which agreement is consistent with this court's decisions for cases of similar incomes and marital durations. Despite a gross income that is almost three times plaintiff's, defendant did not support plaintiff from 1996 through the date of trial, in February, 2000., Defendant went to great lengths at trial and in court pleadings to insist that he intends to retire at age 62, in 2003. He thereby seeks to abbreviate his spousal support obligations at both ends, prior to the date of trial and after his retirement.
We conclude that the amount and duration of support, as agreed upon by the parties, is reasonable and accords with the trial court's own determinations in similar situations. It appears that the trial court's decision to alter the spousal support agreement, and to award support for an indefinite period of time, is based upon its concern that Mr. Parker will seek to terminate, or reduce, his support obligation upon retirement. In this connection, we note that the trial court would have the duty, as well as the power, to consider Mr. Parker's earning ability if and when he should decide to retire and to seek a modification or termination of his support obligation.
We conclude that the trial court abused its discretion by rejecting the parties' agreement regarding support. The trial court, itself, noted that the amount and duration were reasonable. Moreover, its only basis for rejecting the agreement is without merit. Accordingly, the Third Assignment of Error is sustained.
 V
Mr. Parker's Fourth Assignment of Error provides as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION AND INEQUITABLY DIVIDED THE APPELLANT'S MILITARY RETIRED PAY SURVIVOR'S BENEFIT.
Mr. Parker claims that the trial court erred by dividing his Military Retired Pay Survivor's Benefit. In support, he argues that the benefit is not divisible, and that therefore, the trial court essentially awarded the entire benefit to Mrs. Parker. He also argues that the trial court's order improperly requires him to pay the majority of the premiums for the benefit despite the fact that he will not receive any of the benefit.Obviously, Mr. Parker will not directly receive the benefits provided by the insurance plan, since it only pays benefits upon his death. However, he does benefit by virtue of the fact that he can designate a beneficiary to receive the plan payments. From the evidence in the record, it appears that the Survivor's Benefit is not divisible between a plan member's current spouse and former spouse. Therefore, as Mr. Parker argues, if he remarries, under the trial court's current order his second spouse will not be entitled to any of the benefits. Thus, the trial court's present order limits the usefulness of the benefit as it affects Mr. Parker. We find this division of property to be inequitable, especially in light of the fact that Mr. Parker is required to pay for eighty per cent of the cost of the benefit.
The more equitable approach to this problem would be either to award the entire benefit to Mrs. Parker, with the requirement that she pay the entire premium, or to award the benefit to Mr. Parker and require him to cooperate with Mrs. Parker in obtaining a comparable life insurance policy on his life. We note that Mrs. Parker contends that premiums for an alternate policy would be more costly than the premiums currently paid for the Survivor's Benefit; however, no evidence was submitted to support this claim. The disposition of Mr. Parker's Survivor's Benefit is remanded to the trial court.
The Fourth Assignment of Error is sustained.
 VI
Mr. Parker asserts the following in his Fifth Assignment of Error:
 THE TRIAL COURT'S REFUSAL TO PERMIT CROSS-EXAMINATION OF THE APPELLEE CONCERNING APPELLANT'S PLANS TO RETIRE, HER OPINION ON HIS RIGHT TO RETIRE, APPELLEE'S CONTRIBUTION TO HER DAUGHTER'S EXPENSES, AND APPELLEE'S KNOWLEDGE OF APPELLANT'S EXPENSES DURING THEIR PERIOD OF SEPARATION WAS AN ABUSE OF DISCRETION.
Mr. Parker contends that the trial court erred by limiting his ability to cross-examine Mrs. Parker regarding a variety of subjects, and that he was prejudiced thereby. Given our disposition of the previous assignments of error, any error, and any prejudice caused thereby, is rendered harmless. Accordingly, we need not address the merits of this argument.
 VII
The First, Third and Fourth Assignments of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 _______________ FAIN, J.,
BROGAN and YOUNG, JJ., concur.
[1] The evidence established that the Survivor's Benefits are a form of life insurance provided by the military. The premiums for the benefits are deducted from Mr. Parker's monthly military retired benefits payment.
[2] While the order of the trial court regarding the division of the benefit is not clear, it appears that the trial court attempted to award both parties a portion of the benefits based upon the amount of benefits accrued during the marriage. The order also required Mr. Parker to pay eighty per cent of the premiums and Mrs. Parker to pay the remaining twenty per cent.
[3] The only assets concerning which the parties were unable to reach agreement included the three years of retirement benefits, the Thrift Plan and the military survivor's benefit.