This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments to this court, with appellee proceeding pro-se. Defendant-Appellant, Daniel Barnes (hereinafter "Daniel"), appeals the decision of the Belmont County Court of Common Pleas, Domestic Relations Division granting the parties a divorce and, among other things, awarding spousal support and child support to Plaintiff-Appellee, Beverly Barnes (hereinafter "Beverly"). The issues before us are: 1) whether the trial used the correct income when calculating child support; and 2) whether the spousal support award was excessive. Because we find the trial court's judgment entry and child support computation worksheet are not inconsistent and the award of spousal support was appropriate and reasonable, for the following reasons we affirm the trial court's decision.
Daniel and Beverly were married on August 5, 1978, and had three children as a result of that marriage, two of which were unemancipated at the time of the divorce. On July 21, 1999, Beverly filed for divorce. Subsequently, the parties entered into a separation agreement which only left the issue of spousal support to be resolved. On October 12, 1999, the trial court heard the matter and, on November, 10, 1999, issued its opinion. On December 14, 1999, the trial court then issued the judgment entry finalizing the divorce. In that judgment entry, the trial court adopted the parties' separation agreement. The trial court awarded Beverly child support in the amount of $812 per month plus poundage. The trial court also awarded Beverly spousal support in the amount of $750 per month plus poundage for the first seven years after the divorce, after which support would be $350 per month plus poundage until Beverly reaches retirement age, or cohabitates or remarries.
Daniel asserts two assignments of error:
 "The trial court erred in awarding child support on income figures for the parties other than the income figure specifically found by the trial court as being earned by each party.
 "The trial court erred in awarding spousal support which was not just and reasonable but was excessive in view of all relevant circumstances."
Before addressing the substance of Daniel's assignments of error we note the distinct lack of legal argument in support of his assignments of error. The first assigned error contains no reference to either statutory or case law, and the second a citation to only one statute and Ohio Jurisprudence, without any analysis. Further, counsel makes only general references to the record and the trial court's judgment entry. This constitutes the most minimal compliance with the appellate rules in order to preserve merit consideration. Pursuant to App.R. 16(A)(7), a brief must present "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies." (Emphasis added). App.R. 12(A)(2) grants this court the discretion to disregard any assignment of error for failure to comply with App.R. 16(A). Although we choose not to exercise our discretion to disregard assignments of error which do not comply with App.R. 16(A)(7), in this case, we urge counsel not to force such indulgence in the future.
In general, when reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court applies the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028, 1030. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Under this standard of review, we may not substitute our judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597. Further, this court will not independently review the weight of the evidence but will be guided by the presumption that the trial court's findings are correct. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
When parties to a divorce have minor children at the time of the divorce, the trial court shall make an order for the disposition, care, and maintenance of these children in the best interests of those children. R.C. 3105.21(A). When making a child support order, a court must consider the annual gross income of the parties. R.C.3119.022-3119.024. In its judgment entry, the trial court stated "the Defendant earns approximately Forty Five Thousand Dollars ($45,000) per year; the Plaintiff approximately Six Thousand Dollars ($6,000) per year." However, in its computation of child support, the trial court used $48,633 as Daniel's earnings and $4505 as Beverly's earnings. The child support computation worksheet reflects these figures were computed from values given at the hearing for hourly rate of pay and average hours worked a week.
In his first assignment of error, Daniel asserts it was error for the trial court to use those figures in its computation of child support rather than the ones found in the judgment entry. Although Daniel argues the trial court's judgment entry and child support computation worksheet are inconsistent, they are not. The judgment entry approximates the parties' incomes to demonstrate the need for spousal support, $45,000 for Daniel and $6,000.00 for Beverly. In contrast, the child support worksheet uses exact figures resulting from its findings found in its opinion rather than the approximations of income mentioned in relation to the award of spousal support, $48,633 for Daniel and $4,505 for Beverly. As can be seen, the figures used in the child support worksheet are reasonably within the range of figures which could lead to the trial court's approximations of income.
At the hearing, the parties testified what hours they worked and their actual rate of pay. It is plain from the record that when calculating the amount of child support, the trial court used that testimony rather than relying on the approximations of income it made when illustrating the need for spousal support. It was not an abuse of discretion for the trial court to base its computation of child support on as accurate a calculation of the incomes of the parents as possible. Accordingly, Daniel's first assignment of error is meritless.
In his second assignment of error, Daniel asserts the trial court's award of spousal support was error because it was unjust, unreasonable, and excessive. In a divorce proceeding, the trial court may award reasonable spousal support to either party. R.C. 3105.18(B). In order to determine whether spousal support is appropriate and reasonable, the trial court shall consider all the factors in R.C. 3105.18(C)(1).
A review of the trial court's findings reveals the court took great care to evaluate each factor as required by R.C. 3105.18(C)(1) before making its decision regarding spousal support. In its opinion, the trial court stated:
"The record establishes that the husband earns approximately $45,000.00 per year and the wife earns $6,000.00. Neither party has demonstrated earning capacity which is not presently utilized. The parties have a child, approximately 8 years of age.
"Both parties are middle aged; neither party suffers from significant mental or physical disease. The defendant maintains a retirement plan which will be equitably divided according to the terms of the separation agreement. The parties maintain an adequate standard of living during the marriage. No evidence was submitted that established that either party contributed to the education, training or earning ability of the other party. Neither party has substantial assets outside those developed during the course of the marriage.
"Plaintiff, however, does have a residence which is her separate property.
"No evidence was offered which would allow the Court to speculate as to the time and expense necessary for a spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse would be qualified to obtain appropriate employment.
"No special tax consequences were established which would militate in favor of or against an award of spousal support.
"Although common sense tells us that the primary caretaker has lost income production capacity as a result of the care taking role, the court finds that the record does not establish with specificity any lost income production capacity.
"Based upon the length of the marriage, the relatively small income that plaintiff is earning, the age of the minor child, the court finds that spousal support is appropriate and that these factors outweigh other factors which did not mandate an award of spousal support."
This case is similar to Jakubec v. Jakubec (Mar. 27, 2001), 7th Dist. No. 99 CA 242, 2001-Ohio-3223. In that case, this court noted the husband earned approximately $40,000 more than the wife, the husband's pension would accrue at a faster rate, the parties were married for twenty-seven years, and the wife's contribution as a homemaker allowed the husband to work full-time and to accept overtime. Finally, the wife had submitted a financial affidavit setting forth her monthly expenses and the temporary support she had been receiving caused her difficulty in meeting those monthly expenses. This court found that, given these facts, the trial court did not err in granting spousal support in an amount greater than it had in its temporary order.
In this case, Daniel earns approximately $40,000 more than Beverly, the parties were married twenty-one years, and Beverly's primary contribution was as a homemaker. In her financial affidavit filed with her complaint, Beverly states her monthly living expenses would be approximately $1,620.06 per month. She testified a few of those expenses had risen since she filled out the affidavit and that they were approximately $1,800 per month and included all expenses for her and the children. Her net pay per month is approximately $250. Child support is $812 per month. This leaves approximately $738 per month that Beverly would need to meet her living expenses. When seen in this light, it does not appear the trial court abused its discretion when awarding Beverly $750 per month in spousal support.
Daniel also alleges the trial court erred when it awarded spousal support for an indefinite period of time. This issue was also addressed in Jakubec. In Jakubec, this court noted spousal support normally has a termination date. However, there are certain exceptions to this general rule. Id. at 2 citing Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,554 N.E.2d 83.
 "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Kunkle at paragraph one of the syllabus.
Therefore, "a marriage of long duration `in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of Kunkle.'"Vanke v. Vanke (1994), 93 Ohio App.3d 373, 377, 638 N.E.2d 630, 632, quoting Corpac v. Corpac (Feb. 27, 1992), 10th Dist. No. 91AP-1036.
In Apicella v. Apicella (Nov. 15, 1999), 7th Dist. No. 97-BA-65, this court found a marriage of twenty-five years to be a marriage of long duration. Other districts have found marriages over similar lengths of time to be "marriages of long duration". See Dorton v. Dorton (June 15, 2001), 5th Dist. No. 00CAF10029, (twenty-six years); Woodrome v.Woodrome (March 26, 2001), 12th Dist. No. CA2000-05-074, (twenty-four years); Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, (twenty years); McConnell v. McConnell (Feb. 3, 2000), 8th Dist. No. 74974, (twenty-six years); Bowen v. Bowen (1999), 132 Ohio App.3d 616, 627,725 N.E.2d 1165 (twenty years); Taylor v. Taylor (Aug. 4, 1998), 4th Dist. No. 97 CA 2537, (twenty-three years); Poe v. Poe (1995),102 Ohio App.3d 581, 657 N.E.2d 589 (twenty years); Soley v. Soley
(1995), 101 Ohio App.3d 540, 550, 655 N.E.2d 1381, (twenty years); Turnerv. Turner (1993), 90 Ohio App.3d 161, 628 N.E.2d 110 (twenty years);Layne v. Layne (1992), 83 Ohio App.3d 559, 615 N.E.2d 332 (twenty-six years).
This marriage clearly falls within the Kunkle exceptions to the general rule against spousal support for an indefinite period. It was a marriage of twenty-one years, a marriage of a long duration, and Beverly was a homemaker with little opportunity to develop meaningful employment outside the home. Thus, it was not an abuse of discretion for the trial court to grant spousal support for an indefinite term. Moreover, the judgment entry provides spousal support terminates upon Beverly reaching retirement age, or cohabitates or remarries. Daniel's second assignment of error is meritless.
In conclusion, Daniel's first assignment of error is meritless because the trial court's judgment entry and the figures used in its child support computation worksheet are not inconsistent. His second assignment of error fails because spousal support was reasonable to meet Beverly's needs and it was appropriate to award that support indefinitely as the marriage was of a long duration and Beverly did not have a chance to develop meaningful employment due to her responsibilities in the home. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.