OPINION
{¶ 1} Appellant, Donald Workman, appeals the February 12, 2002 judgment entry of the Common Pleas Court of Marion County, Ohio, Domestic Relations Division, ordering him to pay $1600.00 per month in spousal support to the appellee, Della Workman, on a permanent basis.
 {¶ 2} Donald Workman filed for a complaint for divorce from Della Workman on January 25, 2001. One year later, the matter came on for hearing. At the time of the hearing, the parties stipulated that Della was totally and permanently disabled and receiving Social Security benefits. In addition, the parties stipulated that Donald's income, as later reflected in his 2000 tax return, from his employment was $52,820.00. The parties also reached various other agreements, leaving only the issues of spousal support and attorney's fees.
 {¶ 3} The trial court filed its judgment entry/decree of divorce on February 12, 2002. The court ordered Donald to pay spousal support to Della in the amount of $1,600.00 per month subject only to Della's death, remarriage, or cohabitation. This appeal followed, and Donald now asserts two assignments of error, which this Court will address together.
 {¶ 4} "The trial court below abused its discretion in awarding Defendant-Appellee a monthly spousal support award of $1,600 plus processing fee. See Decree of Divorce, p. 6-7."
 {¶ 5} "The trial court below abused its discretion when it ordered the spousal support payments to be a permanent award. See
Decree of Divorce, p. 7."
 {¶ 6} The Revised Code authorizes a trial court to award a reasonable amount of spousal support when appropriate. See R.C.3105.18(B). The Code then provides several factors that a court must consider in determining whether spousal support is appropriate and reasonable. R.C. 3105.18(C)(1). This Court has previously held that "[t]rial courts have broad discretion in formulating spousal support awards and a reviewing court should not alter an award absent a finding that the trial court abused its discretion." Poe v. Poe (1995),102 Ohio App.3d 581, 583, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In determining whether the trial court abused its discretion, an appellate court is not permitted "to substitute its judgment on factual or discretionary issues for that of the trial court."Poe, supra, citing Blakemore, 5 Ohio St.3d at 218-219.
 {¶ 7} Donald maintains that the trial court failed to indicate the basis for its spousal support award in sufficient detail. We disagree. The first factor enumerated for the court's consideration is the income of the parties. R.C. 3105.18(C)(1)(a). The trial court found that Donald's income was $52,280.00 per year and Della's disability income was $3,120.00 per year. A court must also consider the "relative earning abilities of the parties[.]" R.C. 3105.18(C)(1)(b). The court found that Donald would most likely continue his employment until retirement age but that Della would not be able to generate any earned income because she was totally and permanently disabled. In addition, a court must take into consideration the parties' ages and physical, mental, and emotional condition. R.C. 3105.18(C)(1)(c). The court determined that Donald was 50 and Della was 44. The court further found that Della suffered from severe depression and had a ruptured disc in her back.
 {¶ 8} The court also determined that Donald would be able to continue to accrue retirement benefits but that Della would not be able to likewise do so, a factor to be considered pursuant to R.C.3105.18(C)(1)(d). In addition, the court found that the marriage was one of long duration, that the parties did not have any minor children, that their standard of living was such that all income was used for living expenses, that both parties had a high school education, that the assets of the parties were very limited, and that neither contributed to the education or training of the other. See R.C. 3105.18(C)(1)(e-j). The court also found that Della had not worked outside the home since 1992 and that even if she were able to seek outside employment, finding a job would be difficult because of her lack of experience. See R.C.3105.18(C)(1)(k). Furthermore, the court found that the usual tax consequences of an award of spousal support would apply, with Donald having a tax deduction and Della having a tax obligation. See R.C.3105.18(C)(1)(l). Given these specific findings made by the trial court, we find that the trial court indicated the basis for its spousal support award in sufficient detail. Moreover, a review of the record more than amply supports the findings of the trial court.
 {¶ 9} However, when a trial court finds that spousal support is proper, such award must "be within the individual's ability to pay, but it must also leave that individual the means to maintain his own health and well-being by obtaining proper food, shelter and clothing, and it must not burden him to the extent his incentive to pay is destroyed." Munroev. Munroe (1997), 119 Ohio App.3d 530, 543. Donald contends that the court's award of spousal support in the sum of $1,600.00 was an abuse of discretion as it left him with inadequate resources to meet his own expenses, especially in light of the fact that he assumed nearly 100% of the marital debts, and that this amount accounts for more than 70% of his net income each month.
 {¶ 10} The trial court found that Donald's income was $52,820.00 per year, based upon the stipulation of the parties as to his income for the years 2000 and 2001. The court then determined that his net annual income after taxes would be $37,800.00. The court awarded Della $1,600.00 per month, which is equal to approximately one-half of Donald's net income per month. Although Donald testified that his paychecks currently totaled approximately $2,100.00-$2,200.00 per month because his employer had stopped overtime hours, his tax returns from the previous two years do not reflect this and he presented no documentation by way of check-stubs or the like to support his testimony.
 {¶ 11} As for the assumption of debt, the debt consists of the mortgage on the home, which was ordered to be sold, a loan on Donald's retirement account, which can be paid from the proceeds of that account, and a Ford F-150 pickup truck, which was also awarded to him. Thus, the debts assumed by him are not so substantial in light of all the facts before the court so as to prevent the award of spousal support in this amount. Therefore, we do not find that the trial court abused its discretion in awarding this amount of spousal support. Notably, the trial court retained jurisdiction over this matter should there be any change in the circumstances of the parties. Thus, if Donald's yearly income continues to decrease because he no longer receives overtime, he may make the proper motion to the trial court, requesting that court to lower the amount of spousal support accordingly.
 {¶ 12} In addition, we do not find that the court abused its discretion in not establishing a fixed date for the termination of the spousal support obligation, given its findings that the marriage was of a long duration and the stipulation that Della is totally and permanently disabled. See Koepke v. Koepke (1983), 12 Ohio App.3d 80, syllabus. Although Donald asserts that Della could possibly work part-time, despite taking fourteen different medications and not having worked for ten years, this assertion is contrary to his stipulation that she was totallyand permanently disabled at the time of the hearing. Once again we note that the trial court retained jurisdiction in this matter in case the circumstances of the parties changes. Therefore, both assignments of error are overruled.
 {¶ 13} For these reasons, the judgment of the Common Pleas Court of Marion County, Ohio, is affirmed.
Judgment affirmed.
 BRYANT and WALTERS, JJ., concur.