OPINION
{¶ 1} Plaintiff-appellant, Kimberly Hvamb Mishne ("appellant"), appeals from the divorce decree issued by the Geauga County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} On August 25, 1999, appellant filed a complaint for divorce from Ernest Sean Mishne. The parties married on July 9, 1994. No children were born as issue of the marriage. On September 7, 1999, Sean Mishne answered and counterclaimed for divorce. The magistrate held a trial on the contested matter on April 23 through April 27, 2001.
 {¶ 3} On October 18, 2001, the magistrate issued its decision granting the parties a divorce on the basis of incompatibility. The magistrate found that appellant earned approximately $50,000 a year prior to the marriage and that her income would have been substantially higher if she had continued in her employment. The magistrate found that there was insufficient evidence to determine whether Sean Mishne had an ownership interest in the Hillbrook Club, a social club in which Sean Mishne's father was the general partner and operator. Appellant took a position with the Hillbrook Club following her marriage to Sean Mishne, earning approximately $15,900 per year. The couple resided at the club, free of charge, during the marriage. The magistrate found that the evidence did not indicate Sean Mishne earned excessive commissions by trading on appellant's brokerage account. The account, funded by an inheritance from appellant's mother, was transferred to the two companies at which Sean Mishne was employed trading stocks during the term of the marriage. The magistrate determined that the evidence fell short of showing Sean Mishne engaged in financial misconduct with appellant's funds. The magistrate found that appellant did not provide testimony that the attorney's fees she incurred were reasonable and necessary, precluding any award of attorney's fees. The magistrate concluded appellant was to be awarded spousal support of $500 per month for 24 months. The magistrate made a distributive award of half of Sean Mishne's 401(K) account with Fahnestock and Company, his current employer, plus $7,125. This amount represented half of the amount Sean Mishne depleted from his 401(K) account.
 {¶ 4} On November 1, 2001, appellant filed preliminary objections to the magistrate's report. Appellant claimed the report was contrary to R.C. 3105.17.1(E)(3), pertaining to Sean Mishne's economic misconduct. Appellant argued the magistrate did not determine all the issues set forth in the complaint for divorce. Appellant also disputed the facts and circumstances, as found by the magistrate. Appellant contended the court would abuse its discretion by adopting the report, as she would not receive attorney's fees.
 {¶ 5} On December 18, 2001, appellant filed her supplemental objections to the magistrate's report. Appellant claimed Sean Mishne committed financial misconduct in managing her brokerage account fund. Appellant stated the magistrate should have considered Sean Mishne's lack of credibility concerning his ownership of an interest in the Hillbrook Club and other assets. Appellant argued that this lack of credibility, coupled with Sean Mishne's admission of theft and his unprofessional conduct, should have resulted in a distributive award. Appellant stated the magistrate deferred ruling on the issue of Sean Mishne's mishandling of her brokerage account because of a pending civil action, when all issues should have been decided in the domestic case. Appellant disputed the amount of the award of spousal support and the failure to award attorney's fees.
 {¶ 6} On February 15, 2002, the trial court overruled appellant's objections to the magistrate's report. The trial court adopted the magistrate's decision. Appellant has filed a timely appeal from this decision.
 {¶ 7} Appellant assigns the following errors for review:
 {¶ 8} "[1.] The trial court erred and abused its discretion by failing to acknowledge the financial misconduct of the appellee, Sean Mishne and failing to make a distributive award to the appellant, Kimberly Hvamb.
 {¶ 9} "[2.] The trial court failed to divide all marital assets.
 {¶ 10} "[3.] The trial court erred in its determination of spousal support.
 {¶ 11} "[4.] The trial court failed to award the appellant, Kimberly Hvamb her reasonable attorney fees."
 {¶ 12} Before discussing the merits of appellant's appeal, certain deficiencies in appellant's brief must be addressed. Appellant attached, to her appellate brief, a copy of her written closing argument and proposed findings of fact and conclusions of law and of her supplemental objections to the magistrate's decision. Attachment of such documents is not permitted by Loc.R. 11(E), governing appendices. Also, appellant's Exhibit 5, which attempts to provide factual evidence to this court, is not found in the record before this court. Appellant must be aware that this court can only consider evidence contained in the record. The documents at issue will be struck from the record and will be disregarded by this court for purposes of appeal.
 {¶ 13} In her first assignment of error, appellant contends the trial court abused its discretion by failing to make a distributive award based upon the financial misconduct of Sean Mishne. Appellant asserts that Sean Mishne and his father enticed her to turn over the management of her brokerage account to their management and control. Appellant maintains the account was worth $194,201 at that time of the transfer. Appellant claims Sean Mishne engaged in a pattern of misconduct as he borrowed against the account, made several improper withdrawals, caused excess fees to be deducted from the account, all causing the value of the account to decline to $36,198 by the end of 1997. Appellant asserts Sean Mishne also spent as much money as possible to deprive appellant of her share of the marital assets.
 {¶ 14} A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support ***." R.C. 3105.17.1(A)(1). R.C. 3105.17.1(E) permits a trial court to make a distributive award to, inter alia, compensate one spouse for the financial misconduct of another. Financial misconduct includes the dissipation, concealment, destruction, or fraudulent disposition of assets. R.C. 3105.17.1(E)(3). A trial court enjoys broad discretion in deciding whether or not to compensate one spouse for the financial misconduct of the other. Lassiter v. Lassiter, 1st Dist. No. C-010309, 2002-Ohio-3136, 2002 Ohio App. LEXIS 3196. The term "abuse of discretion" connotes more than an error of law or judgment and indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} The burden of proving financial misconduct is on the complaining spouse. Gallo v. Gallo, 11th Dist. No. 2000-L-208,2002-Ohio-2815, 2002 Ohio App. LEXIS 2758. When determining whether to make a distributive award, the trial court must consider all of the factors identified in R.C. 3105.17.1(F), and any other factors it deems relevant. The court must make specific written findings of fact to support its decision. R.C. 3105.17.1(G).
 {¶ 16} The trial court found that the evidence was not sufficient to make a finding of financial misconduct. The court noted that Sean Mishne's conduct in managing appellant's account was better resolved in the civil suit she filed against him, his father, and the two companies at which the Mishnes were employed while managing her account. There was evidence that many of the withdrawals appellant complains of were used to finance the parties' extravagant lifestyle, and were made with appellant's knowledge. Sean Mishne did admit to taking $14,000 from appellant's brokerage account without her consent. That money was repaid, with interest, several years later. The money Sean Mishne spent on himself, because he did not want appellant to receive any of it, took place following their separation. Although Sean Mishne's conduct is less than admirable, the trial court's ruling that he did not engage in financial misconduct does not rise to the level of an abuse of discretion. Appellant's first assignment of error is overruled.
 {¶ 17} In her second assignment of error, appellant asserts the trial court did not divide all the marital assets. Appellant argues that Sean Mishne did not identify all of his financial holdings and denied any ownership interest in the Hillbrook Club. Appellant claims that Sean Mishne lacked credibility on this issue.
 {¶ 18} The trial court, or magistrate, is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections in order to assess their credibility and weigh the testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. In the event that the evidence is susceptible to more than one interpretation, a reviewing court must construe it consistently with the trial court's judgment. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226. A reviewing court must defer matters of witnesses' credibility to the trier of fact. Babka v. Babka (1992), 83 Ohio App.3d 428.
 {¶ 19} At the hearing, both Sean Mishne and his father denied that Sean held any ownership interest in the Hillbrook Club. Appellant primarily relies upon her testimony that Sean Mishne told her he held an ownership interest in the Hillbrook Club and the testimony of Marianne Stone, the former bookkeeper of the establishment. Stone testified that she never saw any paperwork reflecting that Sean Mishne held an ownership interest in the Hillbrook Club, but it was her "understanding that maybe he purchased memberships to partners who wanted out of the partnership." There was no other evidence supporting appellant's claim that Sean Mishne had an ownership interest in the club.
 {¶ 20} Without supporting evidence, appellant's argument only rests upon her contention that Sean Mishne and his father were not credible witnesses. As stated above, credibility determinations are best left for the fact finder, not a reviewing court. The trial court was within its discretion in determining that Sean Mishne did not hold an ownership interest in the Hillbrook Club. Therefore, all of the parties' assets were divided by the trial court. Appellant's second assignment of error lacks merit and is overruled.
 {¶ 21} In her third assignment of error, appellant contends the trial court abused its discretion by only awarding her spousal support of $500 per month for 24 months. Appellant maintains the trial court did not consider the disparity of income between the parties, the increased cost of living she has residing in San Francisco, the income she lost and loss of potential income during the marriage, and Sean Mishne's financial misconduct.
 {¶ 22} Trial courts have broad discretion in formulating spousal support awards, and reviewing courts should not alter an award absent a finding that the trial court abused its discretion. Poe v. Poe (1995),102 Ohio App.3d 581, 583. An award will be upheld if it is appropriate and reasonable. Matic v. Matic (July 27, 2001), 11th Dist. No. 2000-G-2266, 2001 Ohio App. LEXIS 3360. The party challenging the award bears the burden of showing the award was the result of an abuse of discretion. West v. West, 9th Dist. No. 01 CA0045, 2002-Ohio-1118, 2002 Ohio App. LEXIS 1067.
 {¶ 23} In determining if an award of spousal support would be appropriate and reasonable, the trial court must consider the factors set forth in R.C. 3105.18(C)(1). Those factors are:
 {¶ 24} "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside of the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant."Id. at 10. A trial court must indicate the basis for awarding spousal support in sufficient detail for an appellate court to adequately review the issue. Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784. The amount of the support is discretionary with the trial court. Moore v.Moore (1992), 83 Ohio App.3d 75, 78.
 {¶ 25} The requisite statutory findings are set forth in the magistrate's decision. The magistrate noted appellant's increased cost of living in the findings of fact. The magistrate also found that appellant earned $50,000 prior to the marriage and that her income probably would have substantially increased if she had not accepted a position at the Hillbrook Club. Appellant made the decision to leave her employment and relocate to Cleveland because of her marriage to Sean Mishne. That the marriage ultimately did not succeed is not grounds for appellant to essentially be placed in the same or a similar economic position as she would have been in, if not for the marriage. Appellant also made the decision to relocate to an area with one of the highest costs of living in the country.
 {¶ 26} Appellant also argues that the parties enjoyed an extravagant lifestyle during the marriage. The evidence shows that the parties consistently lived beyond their means and that the free rent and food they enjoyed at the Hillbrook Club helped them indulge themselves in luxuries.
 {¶ 27} The trial court did consider the relative income levels of the parties in awarding spousal support, as reflected in the magistrate's report. A review of the record before this court does not show that the trial court abused its discretion in making the award of spousal support. Appellant's third assignment of error is overruled.
 {¶ 28} Appellant's fourth assignment of error challenges the denial of her motion for attorney's fees. Appellant argues the trial court ignored its duty to make any finding regarding the parties' ability to pay the attorney's fees, did not acknowledge Sean Mishne's conduct during the discovery process, and abused its discretion by failing to award attorney's fees.
 {¶ 29} R.C. 3105.18(H) governs the award of reasonable attorney's fees. The court must determine whether either party will be prevented from fully litigating his or her rights and if that party's rights will be adequately protected without an award. The award of attorney's fees resides in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Williams v.Williams (1996), 116 Ohio App.3d 320, 328. In considering whether or not to award attorney's fees in a divorce proceeding, the trial court must consider the factors set forth in R.C. 3105.18(B), as such an award is considered to be spousal support. Glick v. Glick (1999),133 Ohio App.3d 821, 831. Before making its decision regarding the award of attorney's fees, the trial court must determine that: (1) the attorney fees are reasonable; (2) the other party has the ability to pay the award, and (3) whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests in the absence of an award. Trott v. Trott, 10th Dist. No. 01AP-852, 2002-Ohio-1077, 2002 Ohio App. LEXIS 1068. A trial court does not abuse its discretion by denying a request for attorney's fees upon a finding that both parties were able to pursue and fully litigate their rights adequately. Fisher v. Fisher, 3rd Dist. No. 7-01-12,2002-Ohio-1297, 2002 Ohio App. LEXIS 1323.
 {¶ 30} The trial court denied appellant's request for attorney's fees because she did not provide any evidence that the fees incurred were reasonable and necessary. Upon appeal, appellant fails to address that the fees were necessary, but only argues the reasonableness of her attorney's fees. Further, appellant has not argued that she was unable to pursue and fully litigate her rights in this action. The trial court did not abuse its discretion by failing to award appellant any attorney's fees. Appellant's fourth assignment of error is overruled.
 {¶ 31} The judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.