OPINION
{¶ 1} The plaintiff-appellant, Cathy D. Leibold ("Cathy"), appeals the May 18, 2004, Judgment Entry of the Court of Common Pleas of Union County, Ohio, Domestic Relations Division, in which the court failed to award any spousal support.
 {¶ 2} The plaintiff-appellant, Cathy, and defendant-appellee, Mark Leibold ("Mark") were married on November 18, 1978 and two children were born as issue of the marriage, both of which are and were emancipated at the time of the divorce. On December 14, 2004, a final hearing on the divorce was held before the Magistrate. The Magistrate issued her decision on December 28, 2004 accepting the equitable division of the marital property that the parties had agreed to and determining that there would be no award of spousal support. Both parties filed objections to the Magistrate's Decision. On May 18, 2005, the trial court overruled the objections of both parties, adopted the Magistrate's Decision, and issued a judgment entry of divorce in which no spousal support was awarded.
 {¶ 3} On June 2, 2005, plaintiff-appellant filed a notice of appeal alleging the following assignment of error:
THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD SPOUSAL SUPPORT TOAPPELLANT AFTER A 26 YEAR MARRIAGE.
 {¶ 4} In her sole assignment of error, Cathy argues that the trial court committed reversible error when it refused to grant spousal support to her after a long term marriage. She also argues that the statutorily mandated factors cut in favor of her receiving spousal support. Furthermore, she claims that the trial court considered improper factors in making its decision not to award her spousal support.
 {¶ 5} In Ohio, courts derive their power to award spousal support from R.C. 3105.18(A) and (B). These statutes provide a trial court with guidelines for determining whether alimony is appropriate and reasonable. R.C. 3105.18(C)(1); Workman v. Workman, 3rd Dist. No. 9-02-17, 2002-Ohio-5048. A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Poe v. Poe (1995),102 Ohio App.3d 581, 583, 657 N.E.2d 589; Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83; Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E. 2d 597; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E. 2d 1140. A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore,5 Ohio St.3d at 219.
 {¶ 6} R.C. 3105.18(C)(1)(a) through (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable in determining the nature, amount, terms of payment and duration of spousal support. R.C. 3105.18(C)(1) provides:
(C)(1) In determining whether spousal support is appropriate andreasonable, and in determining the nature, amount, and terms of payment,and duration of spousal support, which is payable either in gross or ininstallments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but notlimited to, income derived from property divided, disbursed, ordistributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of theparties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, becausethat party will be custodian of a minor child of the marriage, to seekemployment outside the home;
 (g) The standard of living of the parties established during themarriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including butnot limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training,or earning ability of the other party, including, but not limitedto any party's contribution to the acquisition of a professionaldegree of the other party;
 (k) The time and expense necessary for the spouse who is seekingspousal support to acquire education, training, or job experience so thatthe spouse will be qualified to obtain appropriate employment, providethe education, training, or job experience, and employment is, in fact,sought;
 (l) The tax consequences, for each party, of an award of spousalsupport;
 (m) The lost income production capacity of either party that resultedfrom that party's marital responsibilities; (n) Any other factor that thecourt expressly finds to be relevant and equitable.
 {¶ 7} In this case, the trial court considered each of the factors in R.C. 3105.18 in determining that no spousal support would be awarded to Cathy Leibold. Specifically, the court considered the income to Cathy from all sources, including income derived from divided marital property. For example, the court determined that Cathy was going to receive a Huntington checking account worth $217; Huntington savings account worth $5,984; the IRA and the Huntington account worth $3,572; the Edward Jones account worth $1,355; the Health Serve 401K worth $2,670; WECU savings worth $25; WECU checking worth $1,349; the sale of the proceeds form the home worth $60,307; the sale of the proceeds from the duplex worth $25,334; the 2001 Mitsubishi Eclipse GT worth $12,876, all totaling $113,689. The debt she received was worth $3,876 on the Mitsubishi. Therefore, to establish an equitable distribution of all of the marital assets, the court ordered Mark to pay Cathy an additional $123,190.50 for a total net distribution of assets to Cathy in the amount of approximately $230,000.
 {¶ 8} The trial court also considered the relative earning abilities of the parties. It was determined that Cathy had earned up to $39,000 per year and that Mark had earned up to $155,000 per year with regard to employment, interest income, and other investments. The ages and physical medical conditions of the parties were considered. At the time of this case, Cathy was 45 years old and stated that she is diabetic but otherwise is in good health. Mark was 51 years old and does have a health condition of high triglycerides which he is unable to control. The trial court considered that the two parties had made an agreement prior to this hearing regarding their retirement benefits; therefore, they were not to be considered in determining the spousal support.
 {¶ 9} The trial court considered the duration of the marriage as a relatively long marriage since Cathy and Mark were married in 1978 and divorced in 2004; thus, the parties were married for 26½ years. Cathy and Mark did have two children together; however, both were emancipated at the time of the divorce. As for the standard of living that was established during the marriage, the couple did have a home and did take a vacation each year to Florida or Washington D.C. The trial court then considered the education of each party with Cathy having received a high school education and Mark having received a college education and training as a CPA.
 {¶ 10} There was not any testimony establishing the contribution of each party to the education or earning ability of the other. However, the time and expense necessary for Cathy to acquire education, training or job experience so that she would be qualified to obtain appropriate employment was considered by the trial court. The trial court stated that Cathy was currently working and had the earning ability of $39,000 per year. Furthermore, the trial court observed that she had given notice to end her employment and intends to move to Florida where she has not found employment and intends to live on her spousal support.
 {¶ 11} The factor regarding tax consequences for award of spousal support was not supported by any testimony. There was no testimony on the factor of the lost income capacity of either party that resulted from the parties' marital responsibilities. However, the trial court noted that Cathy did not work while their children were young for a period of time, but then she had returned to work.
 {¶ 12} The other factors that the court expressly considered included the fact that both parties received a significant sum of money. The cash assets that were distributed to Cathy were very liquid assets. In addition, the trial court noted that Mark had significant health problems and would be losing his health insurance if Cathy terminated her employment; in which event, he would have to have an additional expense for health insurance. Furthermore, the trial court took into consideration the living expenses that Cathy was claiming and upon closer scrutiny determined those expenses to be roughly commensurate with the salary she was currently making from her employment.
 {¶ 13} In conclusion, the trial court stated the following:
When I look at everything, I see a woman who's 45 years old. She'syoung. She — if she — if she quits her current job, she's doing thatbecause she wants to quit her current job. She has not been fired.There's no evidence before the court that her employment cannot continueindefinitely up here. She's receiving significant assets. She has nosignificant health problems. The defendant on the other hand does havesome significant health problems. He is going to have to go ahead andliquidate some of the assets that he has basically to go ahead and makean equitable or equal distribution of this particular case. Sotherefore, the court feels that it is neither appropriate or reasonableto award any spousal support in this particular case. But I am going toorder the defendant in this case to go ahead and pay the plaintiff theentire $123,190.50 to the plaintiff in this case.
 {¶ 14} While this court might have weighed the evidence, or the statutory factors of R.C. 3105.18 differently from the trial court, that is not the standard by which the appellate courts review spousal support awards. Rather, the standard is whether there is some competent, credible evidence to support the factors underlying the trial court's decision and whether the trial court abused its discretion in coming to its conclusion. Upon review, we believe that there is evidence in support of the trial court's conclusions in this case and we cannot say that the trial court abused its discretion by acting unreasonably, arbitrarily, or unconscionably in making its determination on the issue of spousal support. Therefore, the assignment of error is overruled and the judgment of the Court of Common Pleas of Union County, Ohio is affirmed.
Judgment affirmed.
 CUPP, P.J., and ROGERS, J., concur.